On Rehearing.
LAND, J.
[2-4] We see no good reasons for departing from the views expressed in our former opinion as to the title to the lot in dispute. The purported dation en paiement was without legal consideration. As a donation inter vivos, the conveyance was prohibited by law because the donor did not reserve to himself enough property for his subsistence. C. O. 1497. The nullity of donations omnium bonorum is based upon motives of public order, and estoppel by acknowledgment or admission cannot be invoked to maintain a condition or state of things created in violation of a prohibitory law. Ackerman v. Larner et al., 116 La. 101, 40 South. 581. Article 2446 provides that sales or transfers of property between husband and wife can take place only in three cases:
“1. Where one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
“2. Where the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
“3. When the wife makes a transfer of property to her husband in payment of a sum promised to him as a dowry.”
Article 1595 of the Code Napoleon, which contains similar provisions, has been construed to strike with nullity all other sales or transfers of property between the spouses and to vest in the spouses themselves, as well as their heirs and creditors, the right to invoke the nullity of such transactions. Aubry & Ran, vol. 4, pp. 349-352. The prohibition of the law is founded on the consideration that otherwise it would he very easy for the spouses, by simulated sales, to make donations exceeding the disposable portion, or to make donations irrevocable during the marriage, or to withdraw their property from the pursuit of their respective creditors. Id. p. 349, note 20.
“Individuals cannot by their conventions derogate from the force of laws made for the preservation of order or good morals.” C. C. 11. “Whatever is done in contravention of a prohibitory law is void, although the nullity be not formally directed.” C. C. 12.
It concerns the state that a donor should not pauperize himself by his gratuities.
The probitition of contracts between husband and wife, except in certain cases, is made to prevent fraud on the children of the marriage and creditors of the respective spouses. The prohibition also serves *1029 the purposes of protecting the husband or wife, as the case may be, in their property rights against undue influence and imposition.
In this case the evidence shows that the transfer of the lot and house in dispute was without legal consideration and left the husband without the means of subsistence.
The judgment below decreed that said lot and house, with its revenues since the date of the divorce, belonged to the community; also a lot and tomb in St. Joseph Cemetery, and a mortgage note for $6,000; also cash proceeds in hands of the sheriff of suit by plaintiff against Illinois Central Kailroad Company for damages to furniture; and it was further decreed that all movables in the hands of either spouse at the date of the divorce should be accounted for on the partition and settlement of the community.
The judgment further decreed that a certain life insurance policy in favor of the plaintiff was her separate property.
After the rendition of this decree, the court, on a rule sued out by the defendant, ordered the lot in dispute to be sold at public auction for the purpose of effecting a partition of the community property. Plaintiff appealed from this order, but has abandoned her appeal. It is stated in the brief of defendant’s counsel that the lot has been sold pursuant to the decree of the court, and the proceeds of the sale are in the hands of the sheriff.
Defendant prayed in his answer that the transfer of the lot in question be decreed null and void, and the property be declared to belong to the community; and he further prayed for judgment against the plaintiff for one-half of sundry items of community property and funds unduly received by the plaintiff and converted to her own use, and for judgment decreeing him to be the owner of a certain policy of life insurance for $5,000 in favor of his wife, and that he be paid by preference the sum of $7,200, or such amount as may be found due him, out of the assets of the community.
Plaintiff objected to evidence to sustain the “reconventional demands” for the reason that both parties resided in the city of New Orleans, and such demands were not directly connected with the main suit. The objection was overruled as to community property extant at the date of the decree of divorce, but was otherwise sustained.
On the former hearing we ruled that the objection should have been sustained in its entirety, because the reconventional demands were based upon matters disconnected with the main demand, and affirmed the judgment only in so far as it decreed the joint ownership of the lot in controversy.
[1, 5] The defense was that the lot was not the separate property of the plaintiff but belonged to the community formerly existing between the parties; that the plaintiff had received and converted sundry amounts belonging to the community, for which she was accountable; and that the defendant was entitled to be reimbursed one-half of such amounts out of the assets of the community. It is well settled that a wife’s interest in the community is residuary, one-half of what remains after its debts are paid, whether the same are due to third parties or to one of the spouses. Durham v. Williams, Tutrix, et al., 32 La. Ann. 162. In that case plaintiff had purchased, the undivided half interest of Mrs. Williams in a certain lot. Under the plea of general denial, the defendants offered evidence to prove that the lot belonged to the community, and that it was purchased with the separate funds of the husband. The court said:
“We think evidence under the general issue was properly received to show this diminution of plaintiff’s rights in or upon the property”
—and remanded the case to have the rights of the parties settled. In the instant case the plaintiff claims to be the owner of the *1031 lot. Any defense that tends to defeat or diminish her alleged interest in the property is relevant to the issue of title, and therefore, necessarily connected with and incidental to the main action. C. P. 375.
In Succession of Emonot, 109 La. 366, 33 South. 370, the court said:
“The wife’s estate in the community consists of an undivided half interest in the property acquired by the community and in the revenues thereof from the date of the death of the wife, after payment of the debts due by the separate estate of the wife to the husband and to the community, and of the debts due by the community to the husband and other creditors.”
It follows that plaintiff’s interest in the property sued for cannot be fixed and determined at this stage of the proceedings, and that the case will have to be remanded for a settlement of accounts between the parties as a preliminary step to a partition.
The court below erred in excluding evidence offered to prove that the plaintiff, during the marriage, received moneys and other assets of the community. This evidence was admissible as a beginning of proof that the plaintiff was indebted unto the community. It is admitted that the plaintiff during the marriage purchased in her own name a tract of land, with a dwelling house thereon, situated in the state of Mississippi. If the plaintiff’s separate estate was increased at the expense of the community, the defendant is entitled to one-half of the value of such increase. O. O. 1838, 2377.
As to community funds expended by the plaintiff during the marriage, but which did not increase or inure to the benefit of her separate estate, she is not liable to the community. Of course both plaintiff and defendant must account for community funds or property in their respective possessions at the date of the divorce.
[6, 7] The court below properly decided that the policy of life insurance in favor of the plaintiff is her separate property. See Pilcher v. New York Life Ins. Co., 33 La. Ann. 324, 325. The claim of the defendant for the reimbursement of one-half of the premiums paid by him is not well founded. While the case of Succession of Brownlee, 44 La. Ann. 917, 11 South. 590, is not directly in point, the reasoning of the court is against the allowance of such a claim. We are of opinion that the payment of the premiums by the husband out of the funds of the community was a gift or gratuity. Defendant' in his answer treats the insurance policy in question as a donation and seeks its revocation on the ground of the ingratitude of the donee. Evidence offered to prove the alleged acts of ingratitude was properly excluded, as defendant’s remedy was, by direct action to revoke, brought within one year from the day of the alleged acts of ingratitude. C. C. 1561.
It is therefore ordered that our former decree herein be vacated, and that the judgment appealed from be reversed, amended, and recast so as to read as follows:
It is ordered that the lot described in plaintiff’s petition, and the revenues thereof since May 29, 1907, and the lot and tomb in St. Joseph Cemetery, No. 2 Washington street, and the mortgage note of J. M. Conner for $6,000, and the cash proceeds of the suit of the plaintiff against the Illinois Central Railroad Company, said note and proceeds being in the hands of the civil sheriff of the parish of Orleans, belong to the community formerly existing between the plaintiff and the defendant herein; and it is further ordered that this case be remanded for the purpose' of determining what other community property was in the hands, or under the control, of plaintiff or defendant on May 29, 1907, and for a settlement of accounts between the parties, and for a partition of the community property according to law; and it is further ordered that the plaintiff be decreed "the owner of the policy on the life of defendant, No. 141,565, of the Metropolitan Life Insurance Company of New York, and *1033 that the same be delivered to her; and it is further ordered that all costs be paid from the mass on the partition.