Durham vs. Williams, Tutrix, et al.

No. 7705.

JOHN B. DURHAM VS. JULIA WILLIAMS, TUTRIX, ET AL.

Where the husband purchases in his name property during the community for cash, and makes no declaration of intention to acquire for his separate estate, nor that the funds used were his separate means, the property falls into the community, which becomes his debtor to the extent of his separate funds, if used.

The wife's interest in the community is residuary—one half of what remains after its debts are paid, whether due to third persons, or one of the spouses.

The administration of the estate of the husband, involves that of the community.

Pending the administration and settlement of the community, the wife cannot mortgage or alienate any of its effects, so as to defeat its creditors, or to give to her creditors a right to be paid by preference to, or even concurrently with, the creditors of the community. Any rights granted by her upon the community are, of necessity, subordinate to the paramount claims of community creditors.

APPEAL from the Tenth Judicial District Court, parish of Caddo. Boarman, J.

T. T. & A. D. Land for plaintiff and appellant.

Alexander & Blanchard for defendants and appellees.

---

T. T. & A. D. Land, for plaintiff, contended :

First—The general rule of law is that all estates acquired during marriage by purchase form part of the community. C. C. 2402 (2371); 5 A. 611; 7 A. 104; 14 A. 618; 15 A. 588.

Alexander & Blanchard, for the defendant, contended ;

First—Property acquired by the wife during community with her separate paraphernal funds is not community. 1 L. 295; 1 R. 367; 2 A. 930; 8 A. 286; 29 A. 597; 30 A. 167.

Second—The same rule governs the purchases of the husband. C. C. 2402.

Third—In settling the community the amount put in by the spouse is taken back and nothing is left to divide. 6 A. 635; 9 A. 60; 12 A. 559; 13 A. 378; 14 A. 618, 726.

Fourth—14 A. 618, cited by plaintiff, is good authority for remanding this case.

---

The opinion of the court was delivered by

SPENCER, J. Mrs. Julia Williams mortgaged to John B. Durham her "undivided interest" in and to a lot and improvements thereon in Shreveport, to secure a debt of $3500. The extent of her interest is not stated in the act of mortgage. Durham foreclosed his mortgage and bought her interest in said lot.

He now brings this suit against the minor heirs of B. F. Hollingsworth, as owners of the remaining interest, in order to effect a partition.

These minors are under the tutorship of Mrs. Julia Williams, their mother, who was the wife of B. F. Hollingsworth, deceased. He claims to have acquired at said sale, and to own, the following fractions in said property : one half thereof, and one sixth and one fourth of one sixth of the other half. The minors file a general denial, and aver that they own 19-24ths of said lot.

The lot in question was bought by B. F. Hollingsworth, from one Allen, during his marriage with Julia Williams, at the price of $2250 in cash. The deed makes no declaration on the part of Hollingsworth of any intention to acquire said property for his separate estate, nor of his having paid therefor with his separate funds.

Under this state of facts, the property fell into the community, whether the funds used in the purchase were or not those of the husband. C. C. 2402 (2371); Young vs. Young, 5 A. 611 ; Bass vs. Larch, 7 A. 104 ; Joffrion vs. Bordelon, 14 A. 618 ; Breaux vs. Carmanche, 15 A. 588.

Hollingsworth at his death left a will, which was duly probated ; and letters testamentary were duly granted to his executors, who, so far as appears, have never been discharged. By that will he left his property to his wife Julia, and their five children, in equal parts, i. e., one sixth to each.

Subsequently, one of these children died, and the mother, Mrs. Julia Williams, inherited one fourth of its sixth. At the time she granted the mortgage, therefore, she held in said lot an interest of one half, as partner in community, and one sixth and one fourth of one sixth of the other half.

But the wife's interest in the community is residuary. It is one half of what remains after its debts are paid. The debts of the community consist not only of what may be due third persons, but of such sums as either of the spouses may have furnished from his or her separate means to acquire or improve community property.

Evidence was adduced by the defendants in this cause which renders it somewhat probable that the funds ($2250) used in the purchase of this lot were the separate property of the husband. The estate of Hollingsworth seems to be yet under administration. It is manifest that that administration involves the administration of the community.

It is equally manifest that pending the administration and settlement of the community the wife cannot mortgage or alienate any of its effects so as to defeat its creditors, or so as to give her creditors a right to be paid by priority to, or even concurrently with, such community creditors. See Cestac vs. Florance, 31 A. 493. Any rights which she may grant upon the community are of necessity subordinate to the

paramount claims of the creditors of the community. Hence, whatever interest Mrs. Williams had in said lot, as a partner in community, was. of necessity residuary—one half after payment of community debts. We think evidence was, under the general issue, properly received to show this diminution of plaintiff's rights in or upon the property. On the record before us, we cannot undertake to fix what amount, if any,. is due by the community to the separate estate of the deceased husband. The case must be remanded to have the rights of parties in this regard settled.

We hold and decree, therefore, that the lot in question was community property between Hollingsworth and his wife, Julia Williams; that one half thereof vested in her, subject to the payment of the debts of the community; that she owned one sixth of the other half as legatee of the husband, and one fourth of one sixth of one half as heir of her deceased child; and that Durham by his purchase could, at most, acquire only her rights.

It is further decreed that the judgment appealed from be avoided and reversed, and this case is remanded to the court a qua, to be proceeded with in accordance with the views herein expressed and according to law, appellees paying costs of appeal.