THOMPSON, J.
 

 This litigation is between husband and wife, and arises from the liquidation of the community of acquets and gains which had been dissolved as the effect of a judgment of separation from bed and board.
 

 The contest in this court is reduced to three' items:
 

 (1) Is certain real estate situated at the corner of Baronne and Phillip streets an asset of the community, and, if so, is the husband a creditor of the community for the price paid for such property?
 

 (2) Is the husband indebted to the community for $3,509, an amount paid during the marriage to compromise certain claims of the Bethany Home against the husband’s aunt, to whom the husband succeeded as sole heir?
 

 (3) Is the husband indebted to the community for $3,999 paid during marriage to attorneys who effected the settlement between his aunt and the Bethany Home?
 

 The district judge held that the Baronne street property was community property, but that the community owed the husband the purchase price, amounting to $3,490.
 

 The demand of the wife that the community should be reimbursed by the husband the $6,500 embraced in items 2 and 3 was rejected.
 

 1. The Baronne street property was acquired dtuing the marriage, and, while the deed recites that the price ($3,400) was paid in cash, it is undisputed that the property was acquired in settlement of the claimed interest of defendant husband in the estate of his deceased sister, Mrs. Lissetta Sehoeffner, wife of Emile Passman.
 

 The defendant’s sister died in 1912 leaving a will giving all of her property to her husband, Emile Passman. The defendant threatened suit against his brother-in-law to annul the will, whereupon a compromise was made by which the deed of the Baronne street property was made to the defendant.
 

 As stated, instead of reciting the facts to show the real consideration,- the deed, on its face shows a cash consideration. The property therefore must be regarded as an acquisition of the community.
 

 In Kittredge v. Grau, 158 La. 179, 193 So. 723, this court held that where a married man buys property in his name without a stipulation in the deed that it is bought with his separate funds, the presumption in favor of the community is juris et de jure. Citing authorities.
 

 In the Succession of Watkins, 156 La. 1999, 191 So. 395, a married man bought lands from a corporation and paid the price, not in cash, but with capital stock in the corporation; the stock being his separate property, which he had owned before he was married. There was no declaration in the deed, however, that the lands were bought with the separate funds of the husband or as his separate estate. The court held that the property became community property.
 

 The situation might have been different in this case if the deed had recited the real and true consideration, for we held in the Kittredge Case, supra, that where separate real estate of husband or wife is given in exchange for other real estate, property received in exchange is separate property, though the deed does not state property was bought with separate funds.
 

 
 *145
 
 We know of no good reason, however, and none has been suggested, why the husband should not be reimbursed by the community to the extent to which the community has been benefited or enriched by the acquisition of said property.
 

 It is contended by the defendant that his claim in this respect should be increased to the sum of $4,500. The contention is based on the fact that the property of the estate of defendant’s sister was valued at $9,000, and in the settlement and compromise he was to get 50 per cent., from which it is argued that the property received by him should be valued at $4,500.
 

 We are not impressed with that view, and think that the defendant’s claim should be limited to the value of the property as fixed in the deed.
 

 The second and third items in dispute relate to the same transaction and will be treated together.
 

 It appears that the defendant’s aunt, Mrs. Ashton, had conveyed all of her property to the Bethany Home. On the . theory that the conveyance was a donation, omnium bonorum, the defendant on behalf of his aunt employed counsel to recover the property. A settlement was effected by which the Home reconveyed the property to Mrs. Ashton for $3,500. The attorneys charged $3,000 for their services. These two amounts were paid by the defendant, and he took a mortgage from his aunt on all of her property to secure the same.
 

 The theory of plaintiff is that the $6,500 loaned Mrs. Ashton in recovering her property back from the Bethany Home was community funds and that the mortgage of Mrs. Ashton to defendant of $6,000 was never paid, but was extinguished by confusion when Mrs. Ashton died, the mortgaged property being inherited by defendant as the sole heir of his said aunt.
 

 A fair preponderance of the evidence, we thin)!:, shows that the debt of Mrs. Ashton was paid by the rents and revenues derived from her property.
 

 Mr. Schoeffner testified that his aunt lived with him; that he had charge of all of her property and collected the rents and revenues, paid the taxes, and kept up the repairs; that he never accounted to his aunt for any of the revenues, but used the same for the benefit of the community, and that the amount so collected and used was more than sufficient to pay the mortgage debt; that from 1908 to 1914, when his aunt died, the sums collected amounted to $2,400 a year, which he says he deposited in the bank and used as his own money and in the manner before stated.
 

 He is corroborated to some extent by the plaintiff. She testified that her husband had charge of his aunt’s property from the time she acquired it up to her death, and that he Collected the rent at $200 per month; that she collected the rent for 15 months 1915-1916, at $200 per month. It is true that the property was vacant at times and yielded no revenues, but even if it had been rented for only half of the time, covering a period of 6 years, the amount collected would have been more than sufficient to discharge the mortgage given defendant by Mrs. Ashton.
 

 The district judge gave credence to the defendant’s testimony, corroborated as it was by the plaintiff, and we can discover no sufficient reason for concluding otherwise.
 

 The judgment appealed from is affirmed.