The community of acquêts and gains was dissolved as the effect of a judgment of separation from bed and board obtained by plaintiff against defendant. 158 La. 933, 105 So. 18.
In subsequent litigation arising from the liquidation of the community, it was held that the Baronne street property was an acquisition of the community existing between plaintiff and her husband. 163 La. 142, 111 So. 655.
Finally, the community property was sold at auction to effect a partition by licitation. The Baronne street property was adjudicated to defendant for the price of $7,700, and the Willow street property to plaintiff for the price of $16,600. Defendant refused to sign the notarial act confirming the adjudication to him, and has appealed devolutively from the judgment of the lower court ordering him to sign the act, and also from the judgment approving the project of partition made by the notary, in so far as it rejects certain items of opposition made by defendant.
The following items in the act of partition prepared by the notary are opposed by defendant:
(1) He opposes the Willow street property paving bill of $1,187.27 on the ground that the plaintiff, as the purchaser of the property, should take the same subject to the accruing paving installments, and should pay same as they fall due, and that these installments *Page 211 
should not be charged as a whole as a debt of the community, as has been done by the notary.
(2) Defendant further opposes the partition, alternatively, on the ground that, if the paving claims against the Willow street property are allowed to stand, then the paving of the Baronne street property also must be paid by the community.
(3) Defendant opposes the partition also on the ground that the act of partition fails to charge, but should charge, plaintiff with the rent of the Willow street property, the common dwelling, at the rate of $120 per month for two years, during which plaintiff occupied the premises after the decree of separation had been obtained by her. Defendant contends that this rental should be considered as an asset of the community.
(4) Defendant opposes as excessive the fee of $4,500 allowed in the act of partition to Weiss, Yarrut, and Stich, attorneys representing defendant, and contends that this item should be reduced to $1,000.
(5) Defendant claims also that he should be allowed interest on $3,400 found to be due him by the community. As this claim was never urged by opposition to the act of partition, but is asserted here for the first time in brief on appeal, it forms none of the issues of the case, and will not be noticed. Succession of Trouilly, 52 La. Ann. 279, 26 So. 851.
 1 (a) Willow Street Paving Lien.
On May 19, 1927, the Willow street property, municipal No. 7840, was adjudicated to plaintiff. At that date the pavement of Willow street had been laid for several years. Some of the installments had been paid, and the paving lien had been duly recorded in the mortgage office of the parish of Orleans.
As co-owner and purchaser at the auction sale ordered to effect a partition of the community property, plaintiff was entitled to receive the property purchased by her free *Page 212 
from all incumbrances. R.C.C. art. 1338; Beltran v. Gauthreaux, 38 La. Ann. 106.
The property was therefore cleared of the paving lien by the auction sale, and passed unincumbered to plaintiff as the adjudicatee.
As the paving lien on the Willow street property was a debt of the community, it was properly included in the passive mass, in the act of partition prepared by the notary, as a charge against the community. R.C.C. art. 2403.
 2 (b) The Baronne Street Paving Lien.
The Baronne street property, municipal Nos. 2305-07-09, was adjudicated to defendant May 19, 1927. Although the city of New Orleans recorded its ordinance March 9, 1927, declaring that it would pave Baronne street, no work had commenced. There was no debt due for the paving, and there was no possible way to fix the amount of the paving bill, as to the Baronne street property, when the auction sale occurred, even if it be conceded, under section 44 of Act 346 of 1926, that "from the date of recordation of said ordinance it shall operate as a first lien and privilege on all property to be affected thereby."
Under such state of facts, we do not well see how the community can be legally held liable to defendant, as the adjudicatee of the Baronne street property, with respect to the paving privilege, the amount of which was not susceptible of ascertainment at the date of the auction sale. Not the community, in such case, but defendant as vendee became the beneficiary of the improvement, and must be presumed to have been compensated for the cost by the resulting advantage. The community therefore should not be charged with the Baronne street paving in the present case. Etta Contracting Co. v. Bruning, 134 La. 48, 63 So. 619.
 3 (c) The Rental of the Willow Street Property.
The attempt of defendant, after the decree of separation, to charge plaintiff with *Page 213 
the rental of the Willow street property, the common dwelling, at the rate of $120 per month for two years' occupancy by her, must fail, as the evidence in the case clearly shows that defendant consented to this arrangement during that period in lieu of payment to plaintiff of alimony.
The marriage ties are not dissolved by the decree of separation from bed and board, and pension is due by the husband to the wife during the marriage. State ex rel. Stuart v. Judge, 50 La. Ann. 559, 23 So. 445; Baudry-Lacantinerie, Droit Civil, vol. 1, p. 369; Laurent, Droit Civil, vol. 3, p. 302.
The claim of defendant was properly rejected in the partition proceedings.
 4 (d) Fees of Attorneys Representing Defendant.
A fee of $4,500 was allowed to the law firm of Weiss, Yarrut 
Stich for professional services rendered to defendant. The case was tried four times in the lower court: First, on the issue of separation involved in the first suit; second, on the issue of separation involved in the present suit; third, on the issue of partition involved in the present suit; fourth a retrial of this issue. The case was tried twice in the Supreme Court, once on the issue of separation from bed and board, and the second time on the issue of what constituted the community estate.
The first separation suit was defeated by the return of the husband to the common dwelling.
The second separation suit resulted in a judgment in favor of plaintiff both in the lower court and in this court.
In the second suit tried here, the Baronne street property was adjudged to belong to the community, and the purchase price of $3,400, *Page 214 
paid for the property by the husband, was recognized as a debt due by the community to him. 163 La. 142, 111 So. 655.
While the litigation has been protracted, the issues involved have not been unusual or difficult. The trial judge reduced the attorneys' fees to $2,500. In view of the fact that the net active mass of the community consists of $14,203.64, and the total credits due to defendant do not exceed the sum of $10,722.30, we are of the opinion that a fee of $1,500 is reasonable and sufficient under all of the facts and circumstances of the case.
The defendant was not represented by his former attorneys in the present case, either in the lower court or on appeal.
It is ordered, therefore, that the judgment herein appealed from of date September 27, 1927, ordering defendant to sign the act of sale by Harry Latter, auctioneer, for the property Nos. 2305-07-09 Baronne street, city of New Orleans, for the price of $7,700, be and the same is hereby affirmed.
It is further ordered that the judgment herein appealed from of date January 16, 1928, disposing of the opposition of defendant to certain items contained in project of partition, be amended so as to reduce to $1,500 the sum of $2,500, allowed in said judgment to Weiss, Yarrut Stich as attorney fees due by defendant.
It is now ordered that this judgment, as amended be affirmed.