### Succession of DROUANT.
#### No. 13210.

Court of Appeal of Louisiana. Orleans.
June 1, 1936.

Milton J. Montgomery and Geo. Montgomery, both of New Orleans, for appellee.

McCALEB, Judge.

The executor of this succession, on May 26, 1928, applied for and obtained an order to sell the real estate belonging to the succession, consisting of one parcel, for the purpose of paying the debts of the succession. The order of court authorizing the sale provides that the real estate "be sold

at public auction to the highest bidder by Guy L. Deano, a duly licensed auctioneer, in this city, after due advertisement and other legal formalities have been complied with; on terms of cash, *the purchaser to assume, all taxes on the property for 1928, and the cost of all necessary certificates in addition to the price of sale and he pay for the act of sale to be passed before George Montgomery, notary public, and the registry of said act."* (Italics ours).

In accordance with the foregoing order, the property was adjudicated to the defendant in rule, appellant here, as the last and hightest bidder, for the sum of $1,650, on July 5, 1928. Later, on October 10, 1928, the executor of the succession filed a rule against defendant-appellant in which it is alleged that appellant was the adjudicatee of the real estate on the terms and conditions as set forth in the advertisement of sale i. e., for the price of $1,650, and also the assumption of all taxes for the year 1928 *and costs of paving due by said property and also cost of all certificates and of the act of sale.* (Italics ours.) It was further alleged that the appellant has refused to comply with the adjudication, although a good and valid title had been tendered to him. The court issued its order for appellant to show cause why he should not be compelled to comply with the adjudication and pay the price of same and also comply with all other conditions named in the advertisement and announced by the auctioneer at the time of the adjudication.

The appellant answered the rule to show cause, stating he had purchased the property and was ready to comply with the terms of the order of.court and advertisement and had notified the testamentary executor of this fact; that the order of court and advertisement thereunder sets forth that the purchaser would assume, over his bid, the city and state taxes due on the property for the year 1928 and the costs of certificates and of the act before the notary public. Appellant further averred that he did not assume to pay, nor did the order of court or the advertisement provide for the payment of any claims or other encumbrances against the said property.

Upon first hearing the trial court dismissed the rule.

The testamentary executor thereupon filed a supplemental rule against the appellant to compel him to accept the title to the property adjudicated to him, in which rule, in addition to the allegations made in the former motion, it is averred that at the time of the auction sale the auctioneer announced that the city street fronting on the real estate to be sold had been, or was about to be, paved with gravel, and that the assumption of this paving claim would be a part of and in addition to the price to be bid by prospective bidders at the sale. It was further set forth that subsequent to the adjudication of the property to the appellant he visited the same, and, without the permission of the testamentary executor, removed therefrom a cistern and other movable property, from which the conclusion is drawn that the appellant exercised rights of ownership in and to the property which now estops him from successfully resisting the rule.

Upon the allegations of the supplemental rule the trial court granted a rehearing and, after hearing evidence, found for the testamentary executor and ordered that the appellant pay the purchase price of $1,650, and assume all taxes on the property for the year 1928, and *also the cost of all paving in front of said property.* (Italics ours.) Wherefore this appeal.

We are confronted with an unusual situation with respect to this appeal. The record was filed here on September 19, 1929, and the case submitted on motion to dismiss the appeal on May 20, 1930; the motion being denied on June 2, 1930. Thereafter, the case was set down for hearing on the merits twice during the year 1930, and on both occasions the matter was continued. Briefs were filed by counsel for both parties during the year 1930. Some time thereafter counsel for the appellant died and no further action, with a view to fixing the case for trial, was taken until this year.

The cause was fixed for trial on motion of counsel for the executor on January 16, 1936, and the appellant, not appearing in person or represented by counsel, the case was again continued to May 5, 1936, at which time it was submitted for our decision. On the latter date, when the case was argued by counsel for the testamentary executor, he informed us that all of the evidence adduced before the trial court was not attached to the transcript, but further stated that the testimony was unnecessary for our decision.

It appears that while the property was being advertised under the order of court, the commission council of the city of New Orleans passed an ordinance providing for the paving of the street, on which the property fronts, with gravel, and that thereafter the advertisements were changed so as to state that the purchaser must assume the paving, and this statement was also made by the auctioneer at the time of the sale before the bidding began.

The recordation by the city of an ordinance evidencing an intention to pave a street is insufficient to cast the burden upon the vendor to pay for the cost of the paving. At the time this property was adjudicated it was impossible to ascertain the amount of the paving privilege. The adjudicatee of the property would be the beneficiary of the improvement. The Supreme Court has decided in a case analogous to this one, that the adjudicatee must bear the cost of the paving.

In the case of Schoeffner v. Schoeffner, 167 La. 208 on page 212, 118 So. 890, 892, the Supreme Court said:

"2 (b) The Baronne Street Paving Lien.

"The Baronne street property, municipal Nos. 2305–07–09, was adjudicated to defendant May 19, 1927. Although the City of New Orleans recorded its ordinance March 9, 1927, declaring that it would pave Baronne street, no work had commenced. There was no debt due for the paving, and there, was no possible way to fix the amount of the paving bill, as to the Baronne street property, when the auction sale occurred, even if it be conceded, under section 44 of Act 346 of 1926, that 'from the date of recordation of said ordinance it shall operate as a first lien and privilege on all property to be affected thereby.'

"Under such state of facts, we do not well see how the community can be legally held liable to defendant, as the adjudicatee of the Baronne street property, with respect to the paving privilege, the amount of which was not susceptible of ascertainment at the date of the auction sale. Not the community, in such case, but defendant as vendee became the beneficiary of the improvement, and must be presumed to have been compensated for the cost by the resulting advantage. The community therefore should not be charged with the Baronne street paving in the present case. Etta Contracting Co. v. Bruning, 134 La. 48, 63 So. 619."

For the foregoing reason, we find the judgment of the district court to be correct.

In view of our holding, it is unnecessary to pass upon the other questions raised by the testamentary executory.

The judgment appealed from is affirmed.

Affirmed.