On December 17, 1886, defendant and his father acquired forty acres of land situated in East Baton Rouge Parish for a recited consideration of $400; on December 13, 1890, defendant acquired his father's undivided interest in the said land, for the recited consideration of $200. At the time of his acquisition, defendant was married to Georgiana Baker, thus making the property community property. On May 13, 1899, after a decree of separation from bed and board had been granted between Georgiana Baker and defendant, they executed a notarial act of sale, for a recited cash consideration of $150, and transferred to Ronaldson Puckett Co., Ltd., the said forty acres of land. After a decree of divorce between Georgiana Baker and defendant, on February 27, 1901, plaintiff and defendant were married. On October 21, 1902, Ronaldson Puckett Co., Ltd., by notarial act of sale, for a recited cash consideration of $300, transferred to defendant the said forty acres of land. On May 14, 1942, plaintiff obtained a judgment of separation from bed and board against defendant.
After obtaining the judgment of separation "a mensa et thoro", plaintiff filed the present proceeding for a partition by licitation of the properties comprising the preexisting community, alleging that the forty acres of land purchased by defendant from Ronaldson Puckett Co., Ltd., on October 21, 1902, was community property.
The defendant denies that the forty acres of land is community, setting forth that the deed of May 13, 1899, was purported and intended to be an act of mortgage or security to Ronaldson Puckett Co., Ltd., for an account owed by the former community existing between himself and Georgiana Baker and was executed as a cash sale by him in error, neither he nor Georgiana Baker having received any consideration whatsoever, and that the deed executed on October 21, 1902, was a mere retrocession of the property to him, without changing the status of the property, he having been the owner prior to his marriage to plaintiff and never having divested himself of the possession and/or ownership thereof, and the retrocession was merely to clear the record and remove a cloud on his title.
On the trial of the case, the defendant sought to prove by parol evidence the allegations of his defense. Timely objection was made thereto and overruled by the trial judge. The trial resulted in a judgment in favor of the defendant, holding that the 40 acres of land did not belong to the community existing between plaintiff and defendant and that therefore plaintiff had no interest in the said property and was not entitled to a partition thereof. From this judgment plaintiff has appealed.
When defendant offered parol proof that the act of 1899 was confected through error, it appearing as a sale when he and his former wife believed it to be a mortgage given as security for the debt then owed by them to Ronaldson Puckett Co., Ltd., and that the act of 1902 was, after the payment of the debt then secured, a retrocession thereof, without any effect on the status of the property, plaintiff objected to such proof for the reason that authentic acts make full proof against parties under Art. 2236 of our Civil Code, unless it be declared and proved a forgery, contending that nothing in the act of 1899 was contained therein showing it to be a "vente a remere", and that the sale of 1902 was an outright purchase for and on behalf of the community, which fact defendant was estopped to show otherwise.
[1] Parol evidence is not admissible to vary, contradict, or add to the stipulations of a written contract (in our case, authentic acts of sale) complete on its face, in the absence of fraud or error. Revised Civil Code Articles 2234, 2236, 2276, and case of Clark's Ex'rs v. Farrer, 3 Mart., O.S., 247, and many others hereafter too numerous to list or mention.
[2-4] A written instrument is only binding on parties and privies to it, and third persons are not estopped from assailing or contradicting its recitals — Succession of *Page 516 
Murray, 41 La. Ann. 1109, 7 So. 126. The rule against parol evidence may be invoked by any one having an interest, and not alone by the person sought to be held on an agreement. Cooper v. Jennings Refining Co., 118 La. 181, 42 So. 766. The rule that parol evidence is inadmissible to contradict or vary the terms of the writing which the parties have drawn up to serve as the evidence of their contract applies only in suits between the parties to the instrument and their privies.
The question of the admissibility of parol evidence to contradict the written act resolves itself therefore as to whether the suit is between parties privy to the acts.
[5, 6] A "privy" is one who has succeeded to some right or obligation which one of the parties to the act derived through the act or incurred under it. The plaintiff is not a privy to the act of 1899 and is not concerned therewith nor with the parol evidence rule relating thereto, but is a privy to the act of 1902, because she was the wife of the defendant at that time, and the acquisition of 1902 is presumed to belong to the community. See Bank of Acadia v. Lafosse, 5 La. App. 616.
The plaintiff therefore is only concerned with the effect of the act of October 21, 1902, hence the only question presented to us for determination is whether or not parol evidence can be introduced to vary, contradict, or alter the recitals of that deed.
At the time of the confection of the act of October 21, 1902, plaintiff and defendant were married. The act of conveyance is authentic in form and recites that it was made for a cash consideration of $300 paid by the defendant and in no manner recites or discloses the history of the transaction by which the property had been formerly transferred to the vendor, Ronaldson Puckett Co., Ltd., by the vendee and his former wife, Georgiana Baker, and the acquisition of the defendant as a retrocession by him for his separate estate and benefit and for his former wife, the property prior to the act of sale of May 13, 1899, being then owned in indivision of one-half (1/2) to each, so as to indicate the nature of the consideration and/or the status of the property; nor is there any recitation in the deed that the acquisition by defendant was being made with his personal funds or other property belonging to him and that the property was being acquired for his personal and separate benefit. The act is a regular warranty deed executed in his favor without the mention of his former wife's interest, translative of property, and for a stipulated cash consideration of $300, paid by him.
Under Article 2334 of our Civil Code, "Separate property is that which either party brings into the marriage, or acquires during the marriage with separate funds, or by inheritance, or by donation made to him or her particularly."
Under Article 2402, of our Civil Code, it is declared that the community of acquets and gains "consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase."
[7] Under this Article, C.C. 2402, the presumption of law is that property bought during marriage in the name of either spouse falls into the community. This presumption can be rebutted when the purchase is made by the wife, but, said the Supreme Court, through justice Blanchard, in the case of Succession of Burke, 107 La. 82, 31 So. 391, 392, "when the husband, during the marriage, buys property in his name, intending it as an investment of his separate funds, to be held for his individual account, and not that of the community,it is essential that some indication of this intention, and ofthe character of the funds used, be given in the act ofpurchase. For the reasons of the law for the distinction made in this regard between purchases in the name of the wife and those in the name of the husband, see Hero v. Bloch, 44 La. Ann. [1032], 1036, 11 So. 821." (Italics ours.) It is clearly indicated by the above that the deed must make full proof and that parol evidence would be inadmissible to rebut the presumption of law that the property is community.
In the case of Sharp v. Zeller, 110 La. 61, 34 So. 129, it was held that, syllabus 1, "In order that property purchased by the husband during the community should become his separate property, he must, in his act of purchase, have made the doubledeclaration: First, that it is bought with the *Page 517 
proceeds of a sale of property belonging to himself individually. Second, that the purchase is made for his individual account, for the purpose of replacing the individual property which he had sold (pour servir de remploi)." (italics ours), citing with approval the cases Hero v. Bloch and Succession of Burke, supra.
In the case of McWilliams v. Stair, 128 La. 752, 55 So. 343, it is clearly pointed out that the husband, while living with his wife in community, must manifest a clear and distinct intention in the act by which property is acquired that such acquisition is made with separate funds for his separate estate, otherwise, it becomes a part of the community.
In the Succession of Andrus, 131 La. 940, 60 So. 623, 624, it is stated: "Jurisprudence has construed this article (Civil Code 2402) so as to except purchases by the wife, in her own name, with her paraphernal funds, which were at the time administered by her separately and apart from her husband. Stauffer, Macready Co. v. Morgan, 39 La. Ann. [632], 633, 2 So. 98. And also to except purchases by the husband in his own name, with his separate funds, when he, in the act of purchase,
makes the double declaration that the property is bought with the proceeds of the sale of property belonging to himself individually, and that the purchase is made for his individual account, for the purpose of replacing the individual property which he had sold", citing the cases of Sharp v. Zeller, McWilliams v. Stair, supra. (Italics ours.) Later cases which follow the cases discussed are Succession of Goll, 156 La. 910,101 So. 263; Succession of Watkins, 156 La. 1000, 101 So. 395; Succession of Fay, 161 La. 1022, 109 So. 824; Schoeffner v. Schoeffner, 163 La. 142, 111 So. 655; Smith v. Gloyd,182 La. 770, 160 So. 617; and including the very late cases of Sanderson v. Frost, 198 La. 295, 3 So.2d 626, and Succession of Farley, 205 La. 972, 18 So.2d 586.
[8] In the recent case of Sanderson v. Frost, supra [198 La. 295, 3 So.2d 631], the rule of law relative to the presumption of community was stated thus: "But, when a married man buys property in his name, without a stipulation in the deed that it is bought with his separate funds, the presumption in favor of the community is juris et de jure," citing many cases, including those mentioned supra.
In the case of Succession of Andrus, supra, it was said:
"As the title of Joseph Christ does not on its face indicate any intention to reinvest his separate funds for his separate benefit, the purchase in question must be considered as having been made for the benefit of the community.
"The parol evidence adduced in the court below to prove the intention of the huband to reinvest his separate funds for his individual benefit should have been excluded." This case is cited with approval in the case of Sanderson v. Frost, supra.
Furthermore, it is stated in the case of Succession of Farley, supra [205 La. 972, 18 So.2d 588], that "when the title * * * is taken in the name of the husband, without a declaration in the deed that it is bought with his separate funds and as his separate property, the presumption that the title is vested in the community is juris et de jure, andthereafter cannot be contradicted by him to the prejudice ofhis wife or of her heirs" (italics ours), which tacitly upholds the decision of the Succession of Andrus, supra, relative to the question that parol evidence is inadmissible to vary, contradict or alter the notarial act of October 21, 1902.
The case of Schoeffner v. Schoeffner, supra, involved litigation between husband and wife arising out of the dissolution of the community of acquets and gains by a judgment of separation "a mensa et thoro". The defendant husband, during the marriage, had acquired certain real property under a deed which recited a cash consideration. In reality, however, the property described was obtained in settlement of his claimed interest in the estate of his deceased sister. The Supreme Court held that the real estate was an acquisition of the community, stating "As stated, instead of reciting the facts to show the real consideration, the deed on its face shows a cash consideration. The property therefore must be regarded as an acquisition of the community."
[9] Viewing the deed of October 21, 1902, in the light of the aforesaid authorities, we hold that the parol evidence adduced in the court below to prove that the said deed was merely a redemption deed should have been excluded, and we further hold that the property described in the deed must be deemed to be that of the community. We say, as did the Supreme *Page 518 
Court in the Schoeffner case, that a different situation might be presented if this deed had recited the true status of the transaction and had been made on behalf of the vendors of the Act of May 13, 1899, rather than merely on behalf of the defendant.
[10] We are further strengthened in our holding in that to hold otherwise would mean the introduction of parol evidence so as to show that the property was redeemed for the benefit of not only the defendant herein, but also for Georgiana Baker, unquestionably a half owner of the property prior to the execution of the Act of May 13, 1899. It has long ago been recognized, and the rule is now firmly established by numerous decisions of the Supreme Court, that though parol evidence is admissible, where fraud or error is charged, to show that a sale is not real, it is under no circumstances admissible to show that the vendee was in reality some other person than the person named in the sale, or that some other person had an interest therein. See Hodge v. Hodge, 151 La. 612, 92 So. 134; Hanby v. Texas Co., 140 La. 189, 195, 72 So. 933, and a long list of decisions therein cited. Defendant has failed to offer any written evidence to show that the act of 1902 was a retrocession to himself and Georgiana Baker. The act is regular on its face and has the effect, at least as far as plaintiff is concerned, of placing the title in defendant on October 21, 1902.
However, the defendant may be entitled to claim the value of his undivided half (1/2) interest in the property at the time of the execution of the sale of Oct. 21, 1902, subject however to his indebtedness at the time of his marriage to plaintiff, and such rights will be reserved to both parties litigant.
For these reasons assigned, the judgment of the lower court is avoided and reversed in so far as it decrees the property in contest forms no part of the community. It is now ordered, adjudged and decreed, that the said judgment, in so far as the property in contest, be recast so as to read as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Florence Ella Baker, and against the defendant, Louis Phillip Baker, decreeing that said forty-acre tract of land described in plaintiff's petition as follows, to-wit: "A certain tract or parcel of land together with the buildings and improvements thereon, located near Wards Creek and about seven (7) miles from the City of Baton Rouge, containing forty (40) acres, in the Southern portion of the Phillip Englehart tract laying and being in Section 56, T 7. S., R. i. E, and Section 59, T. 8. S, R. i. E., said tract having a front of one (1) acre more or less, and to run between parallel lines so as to include forty (40) acres being bounded north by Burden, east by Gayle, south by McIntosh, and west by Baker, being the same property acquired from Ronaldson 
Puckett, Co., Ltd., by act recorded in Book 28, page 400 on the 21st day of October, 1902," forms a part of the community estate existing between the plaintiff and defendant and is subject to partition, reserving, however, unto defendant the right to claim the value of his undivided one-half (1/2) interest of date of October 21, 1902, less that which he owed Ronaldson Puckett Co., Ltd., on February 27, 1901, the date of his marriage to plaintiff, and as thus amended the judgment stands affirmed, the defendant to pay all costs incurred by these proceedings.