339 So.2d 495 (1976)
Jack D. BARNETT, Plaintiff-Appellant,
v.
Margaret Dell Collins BARNETT, Defendant-Appellee.
No. 13032.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1976.
Rehearing Denied December 6, 1976.
Writ Refused February 11, 1977.
*496 Jack D. Barnett, in Pro. Per.
Love, Rigby, Dehan & Love by Truly W. McDaniel, Shreveport, for defendant-appellee.
Before BOLIN, MARVIN and JONES, JJ.
En Banc. Rehearing Denied December 6, 1976.
MARVIN, Judge.
Appellant, an ex-husband in contest with his former wife, seeks (1) to have this court disregard the absence of the traditional "double declaration" in deeds whereby he acquired certain real estate or interests therein for a recited consideration during the existence of the community estate, and (2) to reverse the lower court's judgment rejecting his demand that the property be declared his separate property.
The double declaration requirement, "well established" in our law, makes it necessary that conveyances of immovable property, to the husband for a recited consideration during the existence of the community, contain recitations that the property is acquired (1) with his separate funds and (2) for his separate use and administration, as a prerequisite to his later proving that the property is not community, but separate. In the absence of the double declaration, property so acquired by the husband is conclusively presumed to be community.[1]
During the existence of the community, the three tracts in question were conveyed to the husband in whole or in part, either directly by his father or by other vendors for a recited monetary consideration. At a much later time, appellant and his wife were legally separated. The consideration to the other vendors was allegedly paid by appellant's father. Appellant contends he paid nothing to any vendor, that each acquisition was a donation in disguise from his father and is his separate property under C.C. Art. 2334. The ex-wife, however, does not admit this in her answers to interrogatories on facts and articles.
The answers of a defendant to interrogatories on facts and articles are not considered parol, and may be used in lieu of a counter letter for the purpose of assailing an authentic sale of real estate. Wise v. Johnson, 229 So.2d 197 (La.App.2d Cir. 1969). When so employed by a plaintiff, the plaintiff becomes bound by defendant's answers and cannot contradict them by parol to further assail the authentic sale. C.C. Arts. 2236 and 2276. Godwin v. Neustadt, 42 La.Ann. 735, 7 So. 744 (La.1890).
Appellant astutely and vigorously argues that the double declaration requirement is a jurisprudential creation and was legislatively overruled by Act 170 of the 1912 Legislature; that no reason exists today for the continued recognition of the requirement, and that the requirement applicable only to the husband and not the wife, is unconstitutionally discriminatory and as applied, constitutes a denial of the equal protection guarantee.
Before 1912, C.C. Art. 2334 provided that property acquired during marriage (1) by inheritance, or (2) by donation, was separate. Act 170 of that year amended the article to provide a third means ("with separate funds") of acquiring separate property during the community existence. Appellant's argument is buttressed by law review *497 comments concerning the source of the pertinent codal articles and the double declaration requirement. See 30 La.L.R. 223; 35 La.L.R. 125; 36 La.L.R. 413; 49 T.L.R. 577; 34 T.L.R. 3, and 26 T.L.R. 427.[2] Our consideration of the issue leads us to conclude that the question is essentially one of policy: Generally, whether to allow the ownership of property to be traced to establish its legal character, or on the other hand, to limit the separate estate of a spouse to a claim against the community for reimbursement or restitution.
One scholar has made these observations on the subject:
"In Texas and most of the other American community property states the ownership tracing principle has been widely extended. In all of them except Louisiana it is possible to rebut the presumption of community and establish separate ownership of property bought during the marriage merely by proving that it was paid for with separate funds . . .
"Louisiana, on the other hand, adhering more closely to the civil law, has confined ownership tracing within relatively narrow limits. A claim for reimbursement or restitution from community assets, rather than a claim to ownership of specific property, is more likely to be the form in which the separate estate of a spouse is preserved.

"It is believed that those who have studied the problems that arise in Texas and those that arise in Louisiana will be convinced of the wisdom of the Louisiana approach. Lawyers in Texas are well aware of the complex and difficult problems that arise under the Texas community property rules, but perhaps not many have stopped to consider the extent to which the difficulties and complexities have resulted from the extension of the ownership tracing principle . . ." 26 T.L.R. 428, 429. (footnotes omitted and emphasis supplied).
One of the "relatively narrow" exceptions allowing ownership tracing in Louisiana to establish as separate property of the husband is under circumstances where the property is acquired by him in an exchange for separate property, even though the act of exchange contains no recital of separateness as to the property acquired. Kittredge v. Grau, 158 La. 154, 103 So. 723 (1925). The consideration must be accurately recited in the exchange for the exception to apply. Otherwise, and especially where the exchange is consummated in the form of two "cash" sales, the property will be considered community. Succession of Andrus, 131 La. 940, 60 So. 623 (1913).
An exception also is recognized in cases where a sale occurs to an heir to effect a partition of an estate. Troxler v. Colley, 33 La.Ann. 425 (1881). The circumstances in McElwee v. McElwee, 255 So.2d 883 (La.App.2d Cir. 1971) were similar and Troxler, supra, was cited as authority for holding the property in question to be separate.
Act 186 of 1920 expressly repealed Act 170 of 1912 and reenacted C.C. Art. 2334. Cases before and since these dates have not changes their approach with respect to the policy requiring the declarations of separateness by the husband. The policy is long standing and we do not question its wisdom of requiring the declaration of the husband and not of the wife. In McGee v. Harris, 333 So.2d 440 (La.App.3d Cir. 1976), the court found it unnecessary to pass on what it called the "persuasive" argument as made by appellant here. The issue is squarely presented here, and while we recognize the argument may be called persuasive, we do not find it convincing.
In Primeaux v. Libersat, 307 So.2d 740 (La.App.3d Cir. 1975), the separateness of property was at issue in two areas: real estate and stock certificates. The Supreme Court eventually passed on the stock certificates 322 So.2d 147 (1975) on a writ application. *498 We are here concerned with the decision relating to the real estate. There the court said:
"The Supreme Court has previously addressed itself to this exact point in Lewis v. Clay, 221 La. 663, 60 So.2d 78 (1952). Therein a mother tried to prove by parole that a former property sale by deed to her son during his marriage, was not a sale, but in fact a donation. The court held that without the `double declaration' by the son, a presumption `juris et de jure' was created and parole testimony indicating that no consideration passed between the parties (contradicting the terms of the cash deed) was inadmissible. This principle has been consistently followed." 307 So.2d 743. (citations omitted).
Constitutional arguments were also considered,
"Defendant also contends that the foregoing jurisprudential application of Civil Code Articles 2402 and 2276, (to the effect that the husband must make the double declaration, while the wife need not, the latter being permitted to come in and prove that property purchased is her separate property by use of parole testimony) is patently discriminatory and a violation of Art. 7, §§ 2 and 10 of the Louisiana Constitution and the equal protection and due process clauses of the 14th amendment of our U.S. Constitution.", 307 So.2d 744. (footnote omitted). and rejected[3] on well recognized authority.
In Gulf Oil Corp. v. State Mineral Board, 317 So.2d 576, 591 (La.1975), the court commented:
". . . Stability in the law and constancy of jurisprudence are undoubtedly objects to be constantly sought. However, when it is necessary to overrule a short line of clearly erroneous jurisprudence in order to reinstate the longstanding law and public policy of this State, that course is clearly the one that must be followed." 317 So.2d 591.
In this instance, we are not confronted with a short line of clearly erroneous cases. We are confronted with policy underlying our civilian community property system, established and stably maintained with unwaivering constancy by the judiciary and by the legislature during the entirety of our existence as a state. While sound reasons may be given for allowing proof of separateness by the husband of his acquisitions, equally with the wife, of real estate during the community regime, this province lies with authority other than this court.
The trial court properly followed the well-established Louisiana policy and recognized in its judgment, appellant's right to assert a claim for reimbursement against the community in partition proceedings pending between him and his ex-wife.
At appellant's cost, judgment rejecting his demands is
AFFIRMED.
NOTES
[1] Young v. Young, 5 La.Ann. 611 (1850); Joffrion v. Bordelon, 14 La.Ann. 618 (1859); Durham v. Williams, 32 La.Ann. 162 (1880); Heirs of Murphy v. Jurey & Gillis, 39 La.Ann. 785, 2 So. 575 (1887); Hero v. Bloch, 44 La.Ann. 1032, 11 So. 821 (1892); Sharp v. Zeller, 110 La. 61, 34 So. 129 (1902); McWilliams v. Stair, 128 La. 752, 55 So. 343 (1911); Succession of Watkins, 156 La. 1000, 101 So. 395 (1924); Schoeffner v. Schoeffner, 163 La. 142, 111 So. 655 (1927); Sanderson v. Frost, 198 La. 295, 3 So.2d 626 (1941); Lewis v. Clay, 221 La. 663, 60 So.2d 78 (1952); Pearlstine v. Mattes, 223 La. 1032, 67 So.2d 582 (1953). See Primeaux v. Libersat, cited infra.
[2] The double declaration was required in France, but not in Spain. In Louisiana the courts early recognized Spanish sources (34 T.L.R. 3, 7) but adopted the French approach requiring the double declaration, (See cases cited in footnote one) notwithstanding that C.C. Art. 2334 had no counterpart in the French code sources of our civil code. (See also 30 La.L.R. 1).
[3] We omit lengthy recitation to avoid overly burdening the reporter system.