Lamotte vs. Lamotte.

## No. 11,825.

### A. M. LAMOTTE VS. MRS. LOUISA LAMOTTE.

Transfers of property by the father to his daughter designed to provide for the indebtedness arising from his tutorship or other causes, and intended also as an advance on the eventual rights of the daughter in the succession of the father, can not be deemed sales, though in that form, because there is no price paid and no sales intended. Civil Code, Art. 2439; 12 An. 529; 5 Martin. 693.

In the *dation en paiement* the amount of the debt must be fixed; the transfers in this case are not *dations*, because there was no such intention nor adjustment of the debt. Civil Code, Art. 2655; 10 La. 151.

Transfers of such character are, in legal effect, donations, though dictated in part by the desire to provide for some indebtedness, and the acts will avail for the real object, *i. e.* as donations. Civil Code, Arts. 1536, 1586, 1900 *et seq.*; 5 Martin, 693; 12 An. 529.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Edwin Laizer* and *Gabriel Fernandez, Chrétien & Suthon* for Plaintiff, Appellant.

*Albert Voorhies* for Defendant, Appellee.

Argued and submitted February 25, 1896.
Opinion handed down March 9, 1896.

The opinion of the court was delivered by

MILLER, J.    The suit is by the father to set aside conveyances to his daughter, the defendant. The petition alleges the acts, in form, sales, were in fact donations, dispossessed him of all he possessed; that his daughter has failed to provide for him and has been ungrateful. The answer is that the property, the subject of the acts, did not belong in full ownership to plaintiff, was part of the community between plaintiff and his deceased wife, plaintiff's mother, or belonged to her as dotal property; that plaintiff as tutor was indebted to defendant, made the conveyances in satisfaction of her

rights, and the answer then assails conveyances by plaintiff to his second wife, one to a person alleged to be interposed for her benefit, and the others directs to her. The judgment maintained the conveyances to defendant and the injunction protecting her possession; and in respect to the sales by plaintiff to his second wife, which defendant sought on her reconventional demand to have annulled, there was judgment of non-suit. The plaintiff appealed, dying subsequently. His executrix, his wife, has been made a party, and answering the defendant's motion to make the succession a party, avers that the deceased left two children of the second marriage; that plaintiff's death ends the suit, practically, to be restored to the property conveyed to defendant; that his succession will have to be settled, the rights of all the children adjusted, and the executrix prays that the judgment of the lower court be reversed, the property conveyed to defendant be decreed to belong to plaintiff's succession and this suit be cumulated with the succession proceedings. The defendant, answering the appeal, prays for the affirmance of the judgment with the amendment annulling the sales to the second wife.

The alleged ingratitude, the ground to annul the conveyances to defendant, is, in our view, not sustained, nor sought to be maintained in argument. Instead of dispossessing himself of all his property we find the plaintiff at a later period made conveyances to his second wife, and died still owner of some property. The acts stand unaffected in these respects.

There is testimony to support an indebtedness of the plaintiff to his daughter, the defendant, for her share in her mother's succession opened years ago and never closed. The record indicates the plaintiff's mother had property for which her heir may have a claim against her father. On the other hand, it is shown that as might well be expected in the years since the death of the mother, there were remittances of money by the father to the daughter, a resident of France, and it is insisted that his liability to his daughter arising from his tutorship or otherwise has long since been discharged. Still in 1890, there is his letter expressing his desire to settle the amount due on his tutorship, referred to as six thousand dollars. Whatever the state of the accounts between plaintiff and daughter it is apparent, there was no adjustment on which his conveyances to her can be sustained as *dations en paiement.*

In that contract the debt for which the property is conveyed is fixed, and supplies the fixed price required both in the *dation* and sale. Civil Code, Arts. 2655, 2439. Barremore vs. Bradford, 10 La. 151. There having been no settlement of accounts in this case, the price named in the conveyances not determined with reference to any indebtedness ascertained to be due, is to be viewed as nominal. It is shown that no price was paid, although the acts recite the payment of the price. The conveyances can stand neither as sales or *dations en paiement*, and were never so intended. The father was advanced in years, and desired to put his earthly affairs in train of settlement. He conceived it best to convey the property the subject of the two acts to his daughter, to avail in securing whatever might be coming to her in settlement of his tutorship or as his heir. About the same time he made other conveyances to the woman he afterward married, manifestly intended as a provision for her and the children of the second marriage. In the brief for defendants it is contended the conveyances to her were in the nature of advances on her rights as an heir, and in part to settle the plaintiff's indebtedness. Under this view the acts can be regarded only as donations, resting, it is true, not entirely on the basis of benefit intended to be conferred, but in recognition also of indebtedness, and the probable eventual rights of the daughter when called as an heir to his succession. Under the Code the act not capable of support as the contract it professes to exhibit, will avail as that established by the testimony. Civil Code, Arts. 1894, 1900. Delabigarre vs. Municipality, 3 An. 230. Wolf vs. Wolf, 12 An. 529. There is no basis to sustain the conveyances as *dations en paiement*. The judgment of the lower court simply maintaining the conveyances might be deemed to have that effect, and thus preclude any rights arising out of the second marriage in favor of the children, one incontestibly the child of that marriage, and the other claimed to be legitimated. Our judgment will therefore uphold the acts as donations, and, of course, subject to attack by the heirs, if any ground exists, or collation the Code authorizes. Civil Code, Arts. 1502 *et seq.*, 1227 *et seq.*

The reconventional demand for the annulling the conveyances by the father to his second wife can have no adjudication in this case, to which she is no party, waiving any opinion whether such a demand by a child during the life of the father can be maintained. The

judgment of the lower court of non-suit on this issue was, in our view, proper.

In the record there is the proof and admission of the second marriage, and there has been in this court much discussion of the relations of the parties and the rights arising out of the marriage. We omit expressing any opinion of the points involved in that discussion. The issue is the effect of the conveyances to the defendant, and maintaining them as donations, preserves the rights of defendant and at the same time protects any rights that may arise from the second marriage. We decide no issue except to maintain the acts as donations.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended so as to maintain the conveyances of plaintiff to defendant as donations *inter vivos* and in other respects be affirmed, the costs of the lower court to be paid by plaintiff, those of this court by defendant.