(49 South. 4.)

No. 17,348.

SIMONTON et al. v. SCOTT et ux.

(March 29, 1909.)

FRAUDULENT CONVEYANCES (§ 95*)—DATION EN PAIEMENT—RESTITUTION TO WIFE—USE OF PARAPHERNAL FUNDS.

The law favors restitution to the wife, and looks with favor upon the efforts of the husband, although insolvent, to secure her honest and just claims against him.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 277; Dec. Dig. § 95.*]

(Syllabus by the Court.)

Appeal from Fourth Judicial District Court, Parish of Lincoln; Robert Brooks Dawkins, Judge.

Action by Charles Simonton and others against Ike Scott and Lucy T. Scott. Judgment for defendants, and certain plaintiffs appeal. Affirmed.

Price, Roberts & Warren, for appellants. Clayton, Hawthorn & Atkinson, for appellees.

LAND, J. Seven judgment creditors of Ike Scott instituted this suit to annul and set aside a dation en paiement of real and personal property made by Scott to his wife on September 25, 1907, on the ground of simulation and fraud. Defendants answered, denying the allegations of simulation and fraud, and averring that the dation was made in good faith for the purpose of repayment of the paraphernal funds of the wife received and used by the husband. Scott further pleaded that the lot and house in Ruston was his homestead, and as such is exempt from execution. There was judgment in favor of the defendants, and two of the plaintiffs have appealed.

In the act of dation en paiement, the husband acknowledged his indebtedness to the wife in the sum of $5,500, being the total amount of her paraphernal funds received and used by him in his private affairs and business, and in order to reimburse $3,500 of said indebtedness he conveyed to her a house and lot in Ruston, a lot in Monroe, and a horse and buggy.

The crucial questions in the case are, first, the conversion of the paraphernal funds of the wife; and, second, the value of the property conveyed.

The defendants were married in the year 1901. Scott was a journeyman blacksmith, and had no visible property. Mrs. Scott had $3,000 loaned at interest, which she collected after her marriage. She testified that she turned over said sum of $3,000 to her husband, and that he used the same in purchasing the lot in Ruston and building a dwelling thereon, and invested the remainder and other sums in lands, improvements, and machinery. Mrs. Scott's testimony as to delivering this sum of $3,000 to her husband is corroborated by the fact that she turned

over to him the note evidencing the loan, and he presented the same for payment to the maker, Mr. Ramsey, who was a banker, and an old friend of Mrs. Scott. Ramsey told Scott that he preferred paying the amount directly to the wife, which he subsequently did. The fact that Scott shortly afterwards made the investments already mentioned is another very strong corroborating circumstance. It is not suggested that he could have obtained the money from any other source.

Mrs. Scott had for several years previous to her marriage collected interest ranging from 8 to 10 per cent. on the loan of $3,000, and could have saved from this source $600 or $700. Mrs. Scott had previously inherited about $600 from her father's estate. Mrs. Scott's testimony that she saved all of this money and finally turned it over to her husband is assailed on the ground of improbability, as she was a widow and had two children to support. She explains that her relations took care of herself and her children. That Mrs. Scott scrupulously saved up the $3,000 derived from insurance on the life of her first husband is a proven fact in the case. That she saved up other money is not so improbable as to justify the court in rejecting her entire testimony. We are dealing with the payment of $3,500 by a transfer of property. Whether her husband owed her a larger sum is not material to the present controversy. As to the value of the property transferred, the evidence tends to show that the lot of ground in Monroe and the homestead in Ruston were not worth more than $3,000. This homestead was exempt from execution, and we fail to see how the plaintiffs were injured by its transfer from the husband to the wife.

The lot in Monroe was purchased by Scott for $3,500 on terms of credit. A witness acquainted with the property and familiar with local values at the time testified that the lot was not worth more than $3,000. The wife took this property subject to the prior mortgage and vendor's privilege, amounting to $2,000, with interest. The homestead in Ruston cost less than $1,200, and at the date of the trial was worth about $1,500.

The sins of the husband should not be visited on the head of the wife, whose name was used by him in collateral transactions of a dubious character for his own purposes. The judgment below is not manifestly erroneous on the facts, and there is no dispute about the law of the case.

In the case of Colvin v. Sheriff, 104 La. 655, 29 South. 274, the court said:

"It is a well-settled principle in our jurisprudence that the law favors restitution to the wife, and looks with favor upon the efforts of the husband to secure her just and honest claims against him."

Judgment affirmed.