(64 South. 120.)

No. 19,758.

PEOPLE'S NAT. BANK OF NEW IBERIA v. VOORHIES et al.

(Jan. 5, 1914.)

*(Syllabus by the Court.)*

1. EVIDENCE (§ 594*) —WEIGHT OF — SUSPICIOUS CIRCUMSTANCES.

Suspicious circumstances will not have the effect of destroying positive evidence, which is not contradicted, and which bears the semblance of truth.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431; Dec. Dig. § 594.*]

2. FRAUDULENT CONVEYANCES (§ 95*)—DATION EN PAIEMENT—ESSENTIALS.

The essentials to maintain the validity of a dation en paiement are the real indebtedness of the husband to the wife, the just value of the property transferred for the existing debt, and the delivery of the property to the wife. C. C. 2655, 2656; Ardis v. Theus & Armistead, 47 La. Ann. 1436, 17 South. 865.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 243–288; Dec. Dig. § 95.*]

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by the People's National Bank of New Iberia against Andre F. Voorhies and others. Judgment for plaintiff against the defendant Voorhies and in favor of other defendants, and plaintiff appeals. Affirmed.

Burke, Burke & Smith, of New Iberia, for appellant. L. T. Dulany, of New Iberia, for appellees.

SOMMERVILLE, J. Plaintiff sued Andre F. Voorhies on promissory notes and obtained judgment therefor. No appeal has been taken by Voorhies.

In its petition plaintiff alleged that Andre F. Voorhies and his father-in-law, William Voorhies, a resident of Illinois, concocted a plan, to which Mrs. Ida Compton Voorhies, wife of Andre F. Voorhies, and daughter of William Voorhies, was made a party, and to which plan she agreed and in which she acquiesced, whereby she would institute proceedings against her husband setting forth an indebtedness to her on his part for paraphernal funds, delivered him by her, to the amount of $15,000; that thereupon and simultaneously, without awaiting the usual delays and without any publicity whatsoever, said Andre Voorhies would file an answer, and by consent, apparently of counsel, the case would be immediately taken up, and thus a consent judgment entered under the guise and formalities of a contested matter, which judgment would be followed by a

dation en paiement of all of the property of the said Andre Voorhies; that, in pursuance of this conspiracy, the suit was filed, judgment obtained, and the dation made of all property of the said Andre Voorhies to his wife; that the judgment and dation en paiement were resorted to solely and simply for the purpose of defrauding creditors, and more especially petitioner, and to give to the said William Voorhies by a disguise, and by a resort to the machinery of the court, an illegal preference and priority over other creditors of Andre Voorhies; that the property conveyed to the wife under the dation has been converted by her and her father, William Voorhies, and that the same was really and truly a transfer to said William Voorhies, all for the benefit of William Voorhies; that the judgment referred to and the dation thereunder are of no legal effect, that they are spurious and fraudulent, and should be vacated and set aside, and but for said fraud the indebtedness of Andre Voorhies would have been liquidated in full. It prays for citation and service upon the parties named and for judgment condemning "Andre Voorhies and the said William Voorhies in solido to pay your petitioner the full sum of $4,000, with interest and attorneys' fees as set forth hereinabove, and in the alternative condemning the said Andre Voorhies for the full amount herein sued for, and setting aside the judgment obtained in the matter No. 5794 of the civil docket of this honorable court, and the act purporting to be a dation en paiement passed before L. T. Dulany, notary public, of record in conveyance book No. 73, at folio 543, and hereinabove referred to, and ordering the said William Voorhies to restore the property described in the act purporting to be a dation en paiement in kind," or equal value thereof in money to plaintiff, "and further condemning the said Mrs. Ida Compton Voorhies, if it should develop that she is in possession of any of the property, to restore the same or to substitute its full value in money for the same purpose," etc.

There was judgment in favor of William Voorhies and Mrs. Ida Compton Voorhies; and plaintiff has appealed.

The evidence shows that Mrs. Ida Compton Voorhies, wife of Andre Voorhies, sued her husband for the restitution of her paraphernal effects which she has intrusted to him, and which she alleged to amount to $15,000. The suit was supported by competent evidence, and there was judgment, as prayed for, in her favor.

Plaintiff alleged that this suit was the result of a conspiracy between Andre F. Voorhies and his father-in-law, William Voorhies; but it offered no evidence in support of its allegation of conspiracy. The positive evidence of William Voorhies and his daughter, Mrs. Ida Compton Voorhies, is to the effect that the suit was instituted by Mrs. Voorhies against her husband without the knowledge of her father, William Voorhies, who was not in New Iberia at the time of the filing; that the amount sued for by her was actually given to her, or advanced to her, by her father, William Voorhies; and that William Voorhies had been sent for by his daughter for the purpose of testifying in the suit against her husband for the restitution of her paraphernal funds without informing him as to the object of her sending for him, to go to New Iberia.

The judgment in the case was immediately followed by a dation en paiement, by which Andre F. Voorhies surrendered to his wife all of the property which he possessed in New Iberia. Plaintiff alleges that this hasty execution of the judgment and transfer of property is a suspicious circumstance, sufficient to destroy said transfer. It argues that the judgment against the husband was entered with his consent and is therefore illegal.

[1] The record in the case shows that the judgment was not by consent. Andre Voorhies filed a general denial, in which he specially admitted the indebtedness to his wife as set forth in plaintiff's petition; the case went regularly to trial; witnesses were examined; and the claim of the wife was supported by evidence independent of the admissions of her husband. The suspicion suggested by plaintiff was controverted by positive evidence, and therefore cannot have the effect· of setting aside the judgment or the dation en paiement made in execution thereof. The dation is based upon a real indebtedness of the husband to the wife; the property transferred therein was appraised at a. just valuation; and that property was delivered to Mrs. Ida Compton Voorhies. The dation was thus rendered complete, as the law requires that it should have been; and defendants have sustained its validity by competent evidence. C. C. 2655, 2656; Ardis v. Theus & Armistead, 47 La. Ann. 1436, 17 South. 865.

[2] Plaintiff argues that, under the law announced in the case just cited (Ardis v. Theus & Armistead), it is entitled to the judgment prayed for by it; but reference to that case shows that the facts are altogether different from the facts of this case. There Theus was in commercial business, and his wife's father gave to him $2,000, which he (the father) had intended for his daughter; that it was his intention that Theus should receive it for her account; that he had no expectation of the money being returned, nor was it his intention to receive from Theus any reimbursement. We say, with reference to this giving of $2,000 to Theus, the husband:

"It is unfortunate that his (the father's) intention was not expressed at the time, preserved in such shape as to be valuable to the wife and daughter. It is a noticeable fact that the wife had no appreciable knowledge of this donation, nor of the others which it is alleged the father made to her. The circumstance of an absolute absence of any declaration at the time, or any evidence whatever that the money was intended for the daughter, forces the conclusion that the money was a loan to the son-in-law, or an accommodation to him."

And we set aside the dation en paiement.

In the present case William Voorhies did not give any money to his son-in-law, Andre F. Voorhies. He sent checks and drafts to the order of his daughter, Mrs. Ida Compton Voorhies, as advances to her out of her share in his estate; and she indorsed these checks and drafts over to her husband. The property thus transferred by the wife to the husband was the property of the wife, and she was entitled to recover the judgment obtained by her against her husband for her paraphernal funds used by him.

That William Voorhies knew that his daughter would deliver her property, given by him to her, over to her husband could not under any circumstances make Andre F. Voorhies a debtor of William Voorhies. The father, under such circumstances, could not have sued and recovered judgment against Andre Voorhies for money which he had given to his daughter, the wife of Andre F. Voorhies. The wife, and no one else, was and remained the creditor of her husband when she transferred her property to him.

Plaintiff called for the production of the checks and drafts sent by William Voorhies to his daughter, Mrs. Ida Compton Voorhies; but they were not produced. Mr. Voorhies answered that he had sent these documents to his daughter; and Mrs. Ida Compton Voorhies testified that she had received them but had misplaced them. And the plaintiff argues that this is a suspicious circumstance, going to show that the checks and drafts were not made payable to the order of Mrs. Voorhies. But the suspicion cannot destroy the positive evidence to the effect that they were made payable to her, and that she had indorsed them over to the order of her husband. And this evidence is sus-

tained in part by the records of the bank which show that some of the drafts were made payable to the order of Mrs. Voorhies.

Of the $15,000 testified to by William Voorhies and his daughter, Mrs. Ida Compton Voorhies, there is but one apparent discrepancy, to the extent of $1,000, paid in the year 1907, which was sent by express to Andre F. Voorhies direct, at a time when banks were not transferring cash. This transaction is sought to be explained by defendant Mr. William Voorhies saying that the money was sent in that way, it being the only feasable way, because of the financial troubles at that time, and that it was really intended for Mrs. Voorhies. Be that as it may, the item is small, and the amount realized from the sale of the property received by Mrs. Voorhies under the dation was only about $8,000, when the indebtedness of her husband to her was $15,000. So that, even if the $1,000 were deducted from the judgment, it would not affect the dation.

Judgment affirmed.