### No. 13,192

### Orleans

## KRAUSS CO., LTD., v. GODCHAUX

(June 2, 1930. Opinion and Decree.)

N. Morgan Woods II, McGiehan, Strauch & Gardiner, of New Orleans, attorneys for plaintiff, appellant.

Weiss, Yarrut & Stich, of New Orleans, attorneys for Mrs. Jane McManus Godchaux, defendant, appellee.

HIGGINS, J. This is a rule instituted by Krauss Company, Limited, to set aside an affidavit filed with the civil sheriff by Mrs. Jane McManus Godchaux; defendant in rule, and wife of Dr. Paul N. Godchaux, defendant in the main demand, claiming ownership of certain furniture and household effects which were seized under a writ of fieri facias under Krauss Company's judgment against Dr. Godchaux. The purpose of the rule is to have the property declared to be owned by Dr. Godchaux, and, therefore, subject to seizure in favor

of the judgment creditor. The property in question is claimed to belong to Mrs. Godchaux by virtue of an alleged authentic act of dation en paiment executed on May 17, 1929.

There was judgment in favor of defendant in rule, and plaintiff in rule, Krauss Company, Limited, has appealed.

The record shows that Krauss Company, Limited, obtained a judgment against Dr. Godchaux on June 19, 1923, for the sum of $395.51, balance due for certain household furniture sold and delivered by the plaintiff to the defendant. After various efforts to execute the judgment the writ of fieri facias was returned nulla bona. In May, 1929, the civil sheriff, under a new fieri facias, seized the furniture and household effects in the residence No. 1778 Nelson street in the possession of R. L. Parr, as the property of the judgment debtor. Mrs. Godchaux, defendant in rule, filed an affidavit claiming the ownership of the property seized.

It appears that Mrs. Godchaux had been previously married and had assets, aggregating about $10,000, which were her separate paraphernal property. After her marriage to Dr. Godchaux she advanced him $2,350, which was secured by loans on her jewelry. It also appears that she advanced him other sums of money amounting to over $2,000.

Dr. Godchaux had purchased house furniture and effects from D. H. Holmes Company, Krauss Company, and Maison Blanche Company, amounting to about $2,500. He became financially involved and was unable to pay the balance of the account he owed to Holmes Company and had by agreement with Holmes Company transferred the account to a friend, D. J. Campbell, who assumed the balance due of $600. After making payments on account amounting to $425, on November 4, 1925, Mr. Campbell sold and transferred to Mrs. Godchaux the furniture and household effects purchased from Holmes for $700 and the assumption of the balance due to that company. Mrs. Godchaux paid the balance of the account, all with her separate and paraphernal funds.

On June 10, 1925, Dr. Godchaux executed a document under private signature to transfer to his wife his interest in the household furniture, and effects in consideration of the various advances that the wife had made to him, particularly the sum of $2,350 which he had borrowed on her jewelry.

In May, 1929, the judgment creditor was pressing Dr. Godchaux for settlement, and, being advised that the document dated June 10, 1925, would be ineffective in protecting his wife against any judgment creditor, as far as the furniture and fixtures transferred by that document were concerned, Dr. Godchaux executed, on May 17, 1929, before Frank J. Stich, notary public, a formal act of dation en paiment of the furniture and household effects located in the premises No. 1778 Nelson street in consideration of $2,350 which Mrs. Godchaux had advanced to her husband. On May 28, 1929, the sheriff seized the property under the writ of fieri facias issued on May 16, 1929. It was then that Mrs. Godchaux immediately claimed ownership of the property by virtue of the act of dation en paiment by filing the affidavit with the sheriff.

It is contended by plaintiff in rule that a dation en paiment, whereby an insolvent husband conveys his property to his wife, is prima facie fraudulent and simulated and such property may be seized by the husband's creditors, and, if seized, the burden will be on the wife to prove the

real or bona fide character of the assignment.

It is the contention of the defendants in rule that she has successfully borne the burden of showing a bona fide dation en paiment by a preponderance of the evidence.

Three essentials are necessary to maintain the validity of a dation en paiment: First, a real indebtedness of the husband to the wife; second, just value of the property transferred for the existing debt; third, delivery of the property to the wife. Rev. Civ. Code, arts. 2446, 2655, and 2656; People's National Bank vs. Voorhies, 134 La. 304, 64 So. 120.

We shall discuss the evidence with reference to these three essentials in the above order.

First. The evidence shows that Mrs. Godchaux did have separate paraphernal property and made advances to her husband amounting to over $2,000, besides the $2,350 which she loaned to him when her jewels were pledged to secure the payment of the loan of this money. This money appears to have been advanced by Mrs. Godchaux to her husband during the years 1923-1924. The evidence clearly shows a bona fide indebtedness in excess of $2,350, by the judgment debtor in favor of his wife.

Second. The record clearly establishes that the value of the household furniture and effects purchased by Dr. Godchaux from the three furniture houses was about $2,500 or $2,600. His equity in this property would be less than $2,350, when we consider that Mrs. Godchaux purchased the interest of Mr. Campbell during November, 1925. The value of the property conveyed by the husband to the wife, therefore, did not exceed what he owed her.

Third. In the argument at bar, counsel for the plaintiff in rule admits that the strongest point in his favor is that there was not sufficient delivery of the furniture to Mrs. Godchaux by her husband.

The testimony on this point shows that the building on Nelson street is owned by Mr. E. A. Parsons, and it was rented furnished to Mr. Taylor for a year or more and then to Mr. Parr, who was in possession of the premises at the time of the seizure. The rent was paid in a lump sum to Mr. Parsons, who, in turn, paid Mrs. Godchaux rent for the furniture and household effects contained in the building. Mrs. Godchaux placed this money in her own account in the bank prior and subsequent to the dation en paiment. She exercised ownership of the furniture, and, while she was not in physical possession of it at the time of the seizure, the fact that Mr. Parr, the tenant, and Mr. Parsons, the owner of the property, recognized her ownership of the furniture by paying her the proportion of rent due her for the use of the furniture, is sufficient evidence of delivery.

"It is a well-settled principle in our jurisprudence that the law favors restitution to the wife, and looks with favor upon the efforts of the husband to secure her just and honest claims against him. The fact that the husband is insolvent and embarrassed, and that he is pursued by creditors by harsh remedies, cannot be invoked to destroy the validity of the transaction." Colvin vs. Johnston, 104 La. 659, 29 So. 274, 275.

"Suspicious circumstances will not have the effect of destroying positive evidence, which is not contradicted, and which bears the semblance of truth." People's National Bank vs. Voorhies et al., 134 La. 303, 64 So. 120. See, also, Simonton et al. vs. Scott et al., 123 La. 413, 49 So. 4.

For the reasons assigned, the judgment appealed from is affirmed.