## JACKSON HOMESTEAD ASS'N v. ZERLIN et al.*

### No. 13963.

Court of Appeal of Louisiana. Orleans.
May 16, 1932.

For former opinion, see 140 So. 167.

Deutsch & Kerrigan, of New Orleans, for appellants Madison Lumber Co. and Carolina Portland Cement Co.

H. W. Kaiser, Thomas Tomeny, and J. H. Hammel, Jr., all of New Orleans, for appellee Sam Latter.

JANVIER, J.

The facts are sufficiently stated in our original opinion.

On reconsideration of the testimony we have reached the conclusion that we were in error in reversing the finding of the district court, since that finding involved only questions of fact and was not manifestly erroneous.

Astute counsel for appellant had, in brief and oral argument on the first hearing, been most persuasive and had succeeded in convincing us that the contention that Latter had purchased the note was unreasonable and should not be accepted.

It is only alleged suspicious circumstances, however, to which counsel can point and not to positive evidence. On the contrary, the positive evidence shows that, however unwise it may have been for him to do so, Latter did make the purchase.

In such situation where the trial court has seen and heard the witnesses, and has believed the positive evidence, it should not be made to yield to suspicion unless the latter so preponderates as to make the acceptance of the former repugnant to reason.

"Suspicious circumstances will not have the effect of destroying positive evidence, which is not contradicted, and which bears the semblance of truth." People's National Bank v. Voorhies et al., 134 La. 303, 64 So. 120.

See, also, Simonton et al. v. Scott et al., 123 La. 413, 49 So. 4, and Krauss Co., Ltd. v. Godchaux, 13 La. App. 607, 128 So. 673.

Here, the testimony of Zerlin, Latter, and Pailet cannot be interpreted in any other way than as being statements to the effect that the note was bought by Latter and not Zerlin, and, in view of the finding of the district judge to that effect, we feel that the judgment should not have been reversed.

Our former decree is recalled and annulled, and it is now ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Judgment affirmed.