This is a suit in which plaintiff claims that his title to a certain 40-acre tract of land in Lincoln Parish, Louisiana, has been slandered by defendant, his divorced wife. After proceedings which included filing of certain technical pleadings and application for writs of certiorari, prohibition and mandamus, refused by the Supreme Court on the ground that the writs were taken from interlocutory proceedings, and a new trial granted on application for a rehearing of the cause, there was judgment recognizing plaintiff as the sole owner of the property, and further ordering the cancellation and erasure of certain oil, gas and mineral leases on the property described executed by defendant, as clouds on plaintiff's title. From this judgment defendant has appealed. *Page 868 
The material facts in connection with the subject matter of this litigation, which are undisputed, show that petitioner was the holder and owner of a certain mortgage note in the principal sum of $537.60, dated December 26, 1931, due and payable on or by October 15, 1932, made and signed by one Green Rowden, the said note being paraphed for indentification with an act of mortgage of the same date, in which act the said Green Rowden mortgaged and hypothecated as security for the note certain property described as being: SW 1/4 of SE 1/4 of Section 15, Township 18 North, Range 2 West, Lincoln Parish, Louisiana.
On August 10, 1935, petitioner was married to Willa Lee, from whom he was divorced as the result of a judgment dated September 26, 1941, in a suit for divorce instituted by Willa Lee Slaton.
By instrument of date November 27, 1937, Green Rowden conveyed the mortgaged property to M.D. Slaton in consideration, according to the recital of the mortgage instrument: "of the sum of return and cancellation of mortgage note for the sum of $537.60, dated Dec. 26, 1931, and due October 15th, 1932, cash in hand paid * * *."
By instruments executed in the years 1944 and 1945 defendant, Willa Lee Slaton King, who had become the wife of T.C. King subsequent to her divorce from plaintiff, purported to grant oil and gas leasehold rights to the California Company. Plaintiff alleged that the execution of these leases constituted a slander of his title to the property described.
The issues before us are relatively simple. The basis of plaintiff's claim of title to the property involved as belonging to his separate estate is urged to rest upon the fact that the property was acquired by him, not in the nature of a sale and purchase, but as a dation en paiement under the terms of which Rowden, the mortgagor, conveyed the mortgaged property to plaintiff, the mortgagee, in satisfaction of the mortgage debt, evidenced by the return and cancellation of the note which had been acquired by plaintiff prior to his marriage to this defendant. Estoppel against defendant was urged by plaintiff on the grounds that her petition in the divorce proceedings against plaintiff contained this allegation of fact: "There were no children born of said marriage nor was any property acquired by the community existing between the said Willa Lee Slaton and the said M.D. Slaton."
As against these claims of plaintiff it is urged on behalf of defendant:
That plaintiff's acquisition of title to the property was in fact a purchase for a consideration represented by cash or its equivalent, the terms of which instrument preclude plaintiff from attempting to supply in this proceeding the omission of a statement in the act of conveyance to the effect that the property was acquired for the benefit of his separate estate, and,
That defendant's judicial allegations in another suit cannot constitute ground for estoppel, particularly since plaintiff has not been shown to have been deceived or damaged thereby.
It is obvious from consideration of the facts that plaintiff became the holder of the mortgage note, which was eventually surrendered in consideration of the conveyance of the mortgaged property, prior to his marriage to defendant. It is a further fact that the mortgage note had actually matured, according to its terms, prior to the date of marriage. During the existence of the marriage plaintiff became the record owner of the mortgaged property. It is evident that the status of the property as belonging to the community of acquets and gains existing between plaintiff and defendant at the actual date of plaintiff's acquisition, or as separate property of plaintiff, must absolutely depend upon a construction of the nature of the conveyance. If the conveyance is construed to be an act of sale, unquestionably the property conveyed fell into the community of acquets and gains. If, on the other hand, as plaintiff contends, the conveyance was a dation en paiement in settlement of a debt due his separate estate, it is equally clear that the property conveyed must fall into the separate estate of the husband.
Civil Code, Article 2655, defines the transaction which we call a dation en paiement, as follows: "The giving in payment is an *Page 869 
act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due."
[1] This definition has been amplified to some extent in our jurisprudence by the establishment of certain requirements to the effect that in a dation en paiement the amount of the debt must be fixed; Lamotte v. Lamotte, 48 La. Ann. 572, 19 So. 570, and that the essentials of such a transaction are an existing debt, just valuation and delivery; Jones v. Longino, 10 La. App. 256, 120 So. 711; People's Nat. Bank v. Voorhies,134 La. 303, 64 So. 120.
It is argued on behalf of defendant that the amount of the debt in the instant case was not definitely established and that there was no valuation of the property. We cannot regard these defenses as being tenable inasmuch as the amount of the debt is clearly established as being the amount called for by the note which was actually surrendered at the time of the conveyance of the property, and the failure of a "just valuation" under the circumstances is immaterial and irrelevant. There is no issue herein as to any simulation as between Rowden and the plaintiff, nor can there be any question of lack of consideration or lesion in so far as the parties to this suit are concerned. The requirement of just valuation was quite plainly established for the purpose of preventing simulated dealings by or between husband and wife for the purpose of defrauding the other party to the marriage or the creditors of the community. For these reasons, it seems plain to us that this particular element is of no concern to this defendant. And, it is conclusive that the interposition of this character of defense can avail defendant nothing in view of the circumstance that she has made no attempt to attack the valuation placed upon the property by the parties to the instrument in question.
[2] The civil law form of what is called a "dation en paiement" is unquestionably the prototype of the transaction known in common law as "accord and satisfaction". Both are designed to permit the settlement of obligations, debts and claims through the medium of the giving by a debtor of something other than the exact nature or character of property contemplated in the assumption of the original obligation, contingent upon the willing receipt thereof by the creditor.
In the instant case the plaintiff, Slaton, was the creditor of the mortgagor, Rowden, to the extent evidenced in the mortgage note. Instead of paying in cash the note which had long since matured, Rowden chose to convey the mortgaged property to his creditor. Slaton evidenced his acceptance of this method of setting the debt by returning the note to the mortgagor and the cancellation thereof.
[3] Certainly, every element in the nature of a dation en paiement is evident under the facts of this case, and, since the note in question belonged to the separate estate of the husband, it must follow that the property acquired under the dation accrued to his separate estate and did not fall under the community of acquets and gains.
Counsel for defendant has been at pains to develop and cite the jurisprudence of our State on the point involving the omission of a stipulation, in the instrument itself, to the effect that the property was to constitute a portion of the husband's separate estate, and the attaching presumption, in view of such omission, in favor of the community, which rule and authorities in support thereof he has correctly stated as follows:
"When a married man buys property in his name, without a stipulation in the deed that it is bought with his separate funds, the presumption in favor of the community is juris et de jure. Joffrion v. Bordelon, 14 La. Ann. 618; Durham v. Williams, 32 La. Ann. 162; Succession of Merrick, 35 La. Ann. 296; Moore v. Stancel, 36 La. Ann. 819; Heirs of Murphy v. Jurey, 39 La. Ann. 785, 2 So. 575; Hero v. Bloch, 44 La. Ann. 1032, 11 So. 821; O'Neil v. Walker, 45 La. Ann. [609,] 615, 12 So. 872; Hall v. Toussaint, 52 La. Ann. 1763, 28 So. 304; Succession of Muller, 106 La. 89, 30 So. 329; Succession of Burke, 107 La. 82, 31 So. 391; Sharp v. Zeller, 110 La. 61, 34 So. 129; McWilliams v. Stair, 128 La. 752, 55 So. 343; Succession of Andrus, 131 La. 940, 60 So. 623; Succession of Goll, 156 La. 910, 101 So. 263; Succession of Watkins, *Page 870 156 La. 1000, 101 So. 395." Kittredge v. Grau, 158 La. 154, 162,103 So. 723, 728. See also Succession of Farley, 205 La. 972,18 So.2d 586, 588.
"The community status of the property being fixed at the time of the purchase, no declaration in the will and no act of the husband, or of his heirs, to the prejudice of the surviving widow or her heirs, could change or affect that status." Ramsey v. Beck, 151 La. 190, 91 So. 674, 675.
We have carefully examined all of the cases cited, together with others of a similar nature, and we find that without exception the facts indicating the invocation of this presumption have concerned in each instance the "buying" or "purchase" of property. There is no hint in any of the opinions in the cited cases that this omission would be regarded as sacramental in any instance where the nature of the transaction itself clearly defines the negotiation as being a dation en paiement.
It is also strenuously urged that the wording of the instrument of conveyance itself, through the use of such terms as "for and in consideration of the sum of" and "cash in hand paid" definitely determines the instrument as being a deed of sale. We cannot so hold since such a conclusion, based upon minor and inconsequential terms of phraseology, would do violence to the clear, explicit and unambiguous provision setting forth the consideration of the act as being return and cancellation of mortgage note * * *."
Upon the principle that property acquired by the husband during the marriage, partly through separate funds and partly through community funds, belongs to the community, the argument was also advanced by counsel for defendant that title to the property involved in this case vested in the community because of the fact that even if the mortgage note was conceded to have been the separate property of plaintiff, the interest on the note from the date of the marriage, August 10, 1935, to the date of the instrument of conveyance, November 27, 1947, became the property of the community.
To hold in conformity with this argument, in our opinion, would be straining the principle enunciated far beyond all reasonable intent and purpose thereof. Even conceding, arguendo, that any interest paid during the marriage would have fallen into the community, we cannot go so far as to also concede that unpaid interest accrued to the benefit of the community to the extent and in the manner claimed. We are further strengthened in our opinion on this point by referring to the act of conveyance itself, in which the consideration is set up as being the "return and cancellation of Mortgage note for the sum of $537.60".
The recited consideration clearly indicates the settlement of the indebtedness represented by the note, and, to our minds, the fact that this settlement may have involved an insignificant amount in the way of interest accrued during the term of the marriage is beside the point. The interest was never paid, and, therefore, never fell into the community.
There remains for disposition the question of estoppel which was asserted by plaintiff on the basis of the allegation in defendant's divorce petition to the effect that no community property had been acquired during the marriage.
This plea was answered by defendant on the ground that plaintiff in this suit was not misled or deceived nor did he act upon this representation, and, further, that the allegation was made either under a lack of knowledge of the facts or under an erroneous conception by this defendant, the plaintiff in the divorce action, as to her legal rights.
[4, 5] It is quite true that one of the elements of judicial estoppel is a showing that the action relied upon has deceived or misled or damaged the parties asserting and pleading the estoppel. No effort has been made in the instant case on the part of plaintiff to prove any facts justifying the conclusion that he had been deceived, misled or damaged by this representation, and, for this reason, we find no merit in the plea.
[6] However, as was pointed out in the exhaustive opinion in Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122, 138, L.R.A.1915A, 200, Ann.Cas.1915C, 717, the allegations are entitled to weight as evidence. The opinion in the cited case *Page 871 
declared: "Our conclusion is that Weaver and Johnson, the warrantors, are not concluded by the allegations made in this former suit, which have in no way been acted on by plaintiffs, or in any way prejudiced them, and therefore do not give rise to any estoppel. These allegations carry some weight, of course, as evidence * * * ."
In the instant case we are inclined to accord the allegation considerable weight inasmuch as this defendant made no effort, by any nature or character of evidence whatsoever, to substantiate the claim advanced in her answer "that the mentioned recitation contained in her petition seeking a divorce from plaintiff to the effect that there was no community property was an incorrect statement of fact and was made through mistake of plaintiff in that cause * * * ". The above quoted defense was set up in the answer filed and sworn to on behalf of defendant by her counsel, on information and belief. Defendant did not herself swear to the allegation of mistake or error, nor was any attempt made on trial to establish the same. Under these circumstances we are amply justified in assuming that defendant did not make the allegation through error or mistake, and, accordingly, the effects of such a judicial affirmation are entitled to be interpreted strongly against defendant's contentions in this case.
Counsel for defendant appellant complains of the action of the Trial Court in overruling exceptions of no right and no cause of action and rule for judgment in favor of defendant on the pleadings. However, counsel has not taken occasion to acquaint the Court with the grounds upon which the exception and rule were based, and, since we are unable to perceive any valid basis upon which the exception or the rule would be entitled to serious consideration, we find no occasion for disturbing the action of the lower Court.
For the reasons assigned the judgment appealed from recognizing the plaintiff, Malcolm D. Slaton, as the sole owner of property described as being the SW 1/4 of SE 1/4, Section 15, Township 18 North, Range 2 West, Lincoln Parish, Louisiana, containing 40 acres, more or less, and ordering the annulment, cancellation and erasure of certain oil, gas and mineral leases executed by Willa Lee Slaton King, as particularly set forth in said judgment, is affirmed at appellant's cost.