| iPRICE, Judge Pro Tern.
From the trial court reversal of an administrative decision denying medicaid benefits, the State Department of Health and Hospitals appeals. We affirm.

Facts

Sisters, Emma Patillo and Mamie Burck-ett, lived together in Mamie’s house after their husbands died. When Emma became ill, Mamie paid for her financial needs, including living and medical expenses and home health care, from Emma’s funds, and from her own money after their depletion. Anticipating such a contingency, the two had allegedly earlier agreed to Mamie’s reimbursement through a transfer to her of Emma’s interest in family lands. Upon Mamie’s appointment as Emma’s Curatrix, after the elder sister’s placement in a nursing home in 1994 and eventual interdiction on May 9, 1995, she sought court approval for the execution of a dation en paiement (“dation”) for the transfer of Emma’s property. Based upon Mamie’s submission of an affidavit and a summary of expenses totaling $71,-063.06 paid by her on behalf of Emma, and the uncontested value of the property being dationed fixed at $62,300, the court authorized the dation on July 11, 1995, and it was executed on July 19, 1995. Subsequently, on July 24, 1995, Mamie applied for Medicaid benefits on behalf of her sister. The administrative law judge (“ALJ”) denied benefits due to the lack of evidence showing a legal obligation binding Emma to repay Mamie. On appeal, the district court reversed, finding the transfer to be a valid court-approved dation. The state appealed that ruling.

Discussion

Under La. R.S. 49:964(G) of the Administrative Procedure Act, the court may reverse or modify an administrative decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in light of the rehable, probative, and substantial evidence on the whole record.
[2We look to the record to determine whether the district court applied the proper standard of review to the decision of the ALJ. Courtney and Courtney, Inc. v. Scott, 589 So.2d 78 (La.App. 2d Cir.1991); Holiday Bossier Ltd. Partnership v. Louisiana Tax Commission, 574 So.2d 1280 (La.App. 2d Cir.1991).
Under Louisiana law, the dation, or giving in payment, is a contract whereby an *1268 obligor gives a thing to the obligee, who accepts it in payment of a debt. La. C.C. art. 2655. It is well established that a valid dation necessitates the existence of a real debt. Krauss Co. v. Godchaux, 13 La.App. 607, 128 So. 673 (1930); Jones v. Longino, 10 La.App. 256, 120 So. 711 (1929).
The ALJ found the transfer to be for less than fair market value and solely for the purpose of qualifying for benefits due to the lack of evidence of the existence of a legal debt. This administrative ruling in effect invalidated the court-approved transfer for purposes of Medicaid. Under Louisiana law, however, a valid dation existed. It is uncontested that Mamie financially supported her sister by paying for her needed expenses from her own funds. Her summary of expenses requesting only reimbursement for money that she paid on behalf of her sister as well as her affidavit support that conclusion. Both of these documents formed a part of the record and were acknowledged and discussed at length by the ALJ in his summary of evidence. The sisters’ relationship can be legally classified as a verbal mandate, La. C.C. art. 2992, or a management of affairs without an agreement, La. C.C. art. 2292. Under either classification an obligation for reimbursement of charges and expenses arises by law. La. C.C. arts. 3022, 2297. However, in this instance, relying upon medicaid guidelines and the lack of a written document evidencing an agreement for the repayment of these expenses, the ALJ denied the application for benefits. While we recognize that under these guidelines, certain evidence is appropriate for proof of an underlying obligation for payment of services rendered, see Medicaid Reg. 1-1674, under Louisiana law this inadequacy is not fatal to the existence of a legal obligation for reimbursement of expenses. Accepting, for the sake of argument, that the presumption of 1-1674 applies because there was no written |3agreement between the sisters, we find the judgment authorizing the execution of the dation sufficient to rebut that presumption. Medicaid Regs. 1-1673, 1-1679. Granted, under different circumstances the mere submission of a dation without more, may be insufficient to meet the guidelines. However, the existence of a judgment approving the document adds a crucial distinction. Although the ALJ concluded that the decree merely approved the recommendations of the euratrix, the record shows ample consideration by the district court. Clearly the court’s familiarity with the case including the interdiction trial over which it had earlier presided, enabled it to make credibility determinations in rendering judgment not otherwise available to the ALJ. From that knowledge too, the court remained in a better position to determine the validity of the claimed summary of expenses as well as the relationship between the sisters, and to apply the law which, as noted above, creates a legal obligation for reimbursement as a matter of law. The language of the judgment shows the trial court consideration of a verified petition for authority to execute the dation submitted by Mamie, the proposed act of dation and the entire record of the proceedings by which it approved the transfer for the sole purpose of satisfying Emma’s debt. Our review of the applicable guidelines reveals no discussion, classification or effect of such a judgment. Certainly, however, its authority cannot be undermined either under Louisiana law or medicaid guidelines so as to make it futile or meaningless. Payne v. Allstate Ins. Co., 256 So.2d 788 (La.App. 1st Cir.1971), writ denied, 260 La. 1123, 258 So.2d 376 (1972); DiGiovanni v. Jefferson Parish, 151 So.2d 528 (La.App. 4th Cir.1963). Accordingly, we find the judgment authorizing the execution of the dation sufficient proof to rebut the presumption that the transfer was made solely to qualify for medicaid benefits as found by the ALJ. The judgment of the District Court reversing the administrative denial of benefits is affirmed with costs assessed to appellant, limited to those applicable by law.
AFFIRMED.
APPLICATION FOR REHEARING
Before MARVIN, C.J., and HIGHTOWER, BROWN, GASKINS and CARAWAY, JJ.
Rehearing denied.