989 So.2d 871 (2008)
Leola LAW, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH & HOSPITALS, Office of the Secretary, Defendants-Appellees.
No. 43,417-CA.
Court of Appeal of Louisiana, Second Circuit.
August 13, 2008.
Lee Brian Aronson, for Appellant.
*872 Neal Risley Elliott, Jr., Baton Rouge, for Appellees.
Before PEATROSS, MOORE and LOLLEY, JJ.
LOLLEY, J.
Plaintiff, Leola Law, appeals a judgment from the First Judicial District, Parish of Caddo, State of Louisiana, which upheld an Administrative Law Judge's ("ALJ") denial of Law's application for dentures based on statutory interpretation. For the following reasons, we reverse.

FACTS
This case concerns an application by plaintiff, Leola Law, for Medicaid benefits filed on August 16, 2006. Law's application was specifically for prosthetic dentures that she is in need of as a result of tooth decay and other dental issues. After reviewing her application, Louisiana Department of Health and Hospitals ("LDHH") found that Law was only eligible for the Pure Qualified Medicare Beneficiary program ("Pure QMB") which does not cover dentures. Since Law receives $691.00 a month in Social Security benefits, she exceeded the state benefit rate of $603.00 which would have made her eligible for a different status"Dual QMB." With Dual QMB status, Law may have been provided coverage for dentures. Both categories are found under Title XIX of the Social Security Act.
Law's application was denied. Law then filed a Petition for Judicial Review of Medicaid's refusal to pay. The trial court held a hearing and found it was unable to make a determination of the appropriateness of granting or denying Law's Petition for Judicial Review because the record was incomplete. The trial court asked that the ALJ hold a hearing "within 90 days." The ALJ held a rehearing, and the record was supplemented with a transcript along with a summary of proceedings. The trial court then reviewed the record in its entirety, affirmed the findings of the LDHH, and subsequently upheld the denial of Law's application for dentures. It is from this judgment Law now appeals.

LAW AND DISCUSSION

Standard of Review
When reviewing an administrative final decision in an adjudication proceeding, the trial court functions as an appellate court. Once a final judgment is rendered by the trial court, an aggrieved party may seek review by appeal to the appropriate appellate court. On review of the trial court's judgment, no deference is owed by the court of appeal to the factual findings or legal conclusions of the trial court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Thus, an appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the trial court. King v. Sec'y, Department of Health and Hospitals, 42,071 (La.App. 2d Cir.04/04/07), 956 So.2d 666, writ denied, XXXX-XXXX (La.09/14/07), 963 So.2d 1001.
The applicable standard of review is set forth in La. R.S. 49:964. The trial court and the court of appeal have the authority to reverse or modify the decision of the agency if substantial rights of the party seeking review have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedures; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) *873 manifestly erroneous in view of the reliable, probative and substantial evidence in the record. See King, supra.
At the outset we note that there is no merit to Law's argument that the state policies LDHH relied on should not have been introduced into evidence. Law argues that she was not made aware of the state policies at the time her application was denied. However, after reviewing the record we believe LDHH followed 42 C.F.R. § 435.912 and notice was adequate.

Medicaid/Medicare Background
Medicare, enacted in 1965 under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395ccc, is a federally run program to provide financing for medical procedures for certain disabled individuals and people of 65 years of age or older. 42 U.S.C. §§ 426(a), 1395c. Medicare has two parts, Part A and Part B: Medicare Part A, 42 U.S.C. §§ 1395c to 1395i-4, provides reimbursement for inpatient hospital care, and related post hospital, home health and hospice care; and, Medicare Part B, 42 U.S.C. §§ 1395j to 1395w-4, which is a supplemental voluntary insurance program.
Also enacted in 1965, Medicaid, Title XIX of the Social Security Act, 42 U.S.C. §§ 1396-1396v, established a federal-state cooperative cost-sharing program to provide medical assistance to families and individuals with insufficient income and resources. While a state's participation in Medicaid is not mandatory, once a state chooses to participate it receives federal funds for its Medicaid program. Louisiana, through the LDHH, provides guidance and implementation to give effect to the federal statutes.
Medicaid and Medicare statutes intersect for coverage when the population is poor and (1) disabled or (2) people 65 years of age or older. These people are considered Dual QMB. However, the other group, Pure QMB, are Medicare eligible and also meet certain criteria of poverty but not the state's eligibility requirement for Medicaid. See Rehabilitation Association of Virginia, Inc. v. Kozlowski, 42 F.3d 1444 (4th Cir.1994).

Relevant Louisiana Statute
The crux of Law's argument is with respect to the Louisiana statute R.S. 46:157 entitled "Prosthetic dentures; eligibility; rules and regulations," which states:
The office of family security of the Department of Health and Hospitals shall make available to persons of this state who are eligible for Medicaid benefits under Title XIX of the Social Security Act, [FN1] prosthetic dentures, upon certification by a dentist licensed under Louisiana law that the person is in need of prosthetic dentures, and upon certification of such need by the Department of Health and Hospitals.
The secretary of the Department of Health and Hospitals shall promulgate the necessary rules and regulations to implement the provisions of this Section. Such rules and regulations shall insure that no charge for such prosthetic dentures shall be approved for payment in excess of that normally received in private commercial relationships for the manufacture and fitting of such dentures, based on the nature and quality of dentures provided, the extent of professional services rendered, and the fees normally and customarily received in the area where the fitting occurred. (Emphasis added.)
[FN1] See 42 U.S.C.A. § 1396 et seq.

According to this statute, Law argues, she is entitled to dentures even if her status is Pure QMB because she still qualifies as "persons of this state who are eligible for Medicaid benefits under Title XIX of the Social Security Act." LDHH, on the other *874 hand, argues that while the statute is broad in nature, the Louisiana legislature has left a void in La. R.S. 46:157 with respect to eligibility for LDHH to fill with its policy as evidenced by the footnote. LDHH argues Law's status as Pure QMB does not entitle her to the Medicaid benefits, specifically dentures. However, LDHH does not dispute that she is a person of this state who is eligible for benefits under Title XIX of the Social Security Act.

Statutory Interpretation
Louisiana law on statutory interpretation is set forth in La. Civ.Code articles 9 through 13. Laws are to be applied as written if they are clear and unambiguous. La. C.C. art. 9. We must interpret laws on the same subject matter in pari materia, or in reference to each other. La. C.C. art. 13. Laws are presumed to be passed with full knowledge of all existing ones on the same subject and with appreciation of the principles of statutory construction. Wartelle v. Women's and Children's Hospital, Inc., XXXX-XXXX (La.12/02/97), 704 So.2d 778. Furthermore, while statutes in pari materia should be construed together, when the legislature includes a requirement in one statute and excludes it from another, the legislative intent not to impose the requirement on those affected by the second statute is clear. See Donaldson v. Universal Engineering of Maplewood, Inc., 1991-458 (La.App. 3d Cir.1992), 606 So.2d 980.
First, we look to the statute itself. At issue is whether Leola Law is a person of this state who is "eligible for Medicaid benefits under Title XIX of the Social Security Act." We believe she is. Nothing in the statute indicates a restriction based on eligibility or status. In fact, LDHH admits that the statute is broad. While Law may not be entitled to the full range of Medicaid benefits, she is entitled to receive some Medicaid assistance. Our analysis does not require us to differentiate between the types of qualified medical beneficiaries, because both categories are listed under Title XIX of the Social Security Act as required by La. R.S. 46:157. The Louisiana statute, although broad, is clear and unambiguous and does not require further inquiry as to the status of the person. When law is clear and unambiguous and its application does not lead to absurd consequences, law must be applied as written. Roberts v. State Farm Mut. Auto. Ins. Co., 27,501 (La.App. 2d Cir.11/01/95), 662 So.2d 821.
LDHH explains, however, that the footnote is instructive as to how Louisiana would implement this statute. We find this argument unpersuasive. In reading the other statutes in pari materia, we notice specific reference to Louisiana's state plan as controlling eligibility to the other services provided:
§ 158. Prohibition of discrimination against dental care services
The office of family security, Department of Health and Hospitals, shall make available to persons who are eligible for Medicaid benefits under Title XIX of the Social Security Act, 42 USCA Sec. 1396 et seq., inpatient hospital services, outpatient hospital services, prescribed drugs, and all other services incident to professional treatment provided by a licensed dentist when the treatment and service is otherwise authorized and included in the Louisiana state plan for medical and dental assistance when provided or prescribed by a physician or any other licensed practitioner of the healing arts, provided that the dental health care shall be within the scope of dental professional practice as defined by R.S. 37:751 et seq. (Emphasis added.)

*875 § 159. Prohibition of discrimination against podiatric services
The office of the secretary of the Department of Health and Hospitals shall make available to persons who are eligible for Medicaid benefits under Title XIX of the Social Security Act, 42 USCA Sec. 1396 et seq., inpatient hospital services, outpatient hospital services, prescribed drugs, and all other services incident to professional treatment provided by a licensed podiatrist when the treatment and service is otherwise authorized and included in the Louisiana state plan for medical assistance when provided or prescribed by a physician or any other licensed practitioner of the healing arts, provided that the podiatric health care shall be within the scope of podiatric professional practice as defined by R.S. 37:611 et seq. (Emphasis added.)
§ 159.1. Hospice care pilot program; rules and regulations
A. The Department of Health and Hospitals shall develop and implement a pilot project for hospice care under the Medicaid State Plan for persons who are eligible for Medicaid benefits under Title XIX of the Social Security Act. Such pilot project shall use Medicaid funds and to the extent possible reduce the Medicaid costs to the state. Implementation of the pilot project shall be subject to approval by the secretary of the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services for federal reimbursement and shall be subject to limitations of state appropriations and federal matching funds. (Emphasis added.)
B. For the purposes of this Section, the definition of "hospice care" shall be the definition in 42 U.S.C. 1396d(o).
C. Coverage of hospice care under the pilot project shall be in accordance with 42 U.S.C. 1396d(o), the Medicare Hospice Program guidelines as set forth in 42 C.F.R. Part 418, and Sections 4305-4308.2 of the federal Centers for Medicare and Medicaid Services State Medicaid Manual. In the case of an individual who is eligible for Medicaid benefits under Title XIX of the Social Security Act, occupies a Medicaid certified nursing facility bed, and elects to receive hospice care, an additional amount for room and board shall be paid to the hospice that shall not be less than one hundred percent of the per diem rate that would have been paid to the nursing facility under the Medicaid State Plan. (Emphasis added.)
In each of these statutes dealing with the same subject matter there is explicit explanation of what approval or authority governs. These guidelines are noticeably absent from La. R.S. 46:157. In other words, the legislature did not leave a "void" for LDHH to determine eligibility in these other statutes. If the legislature had intended that the Louisiana state plan would govern, it could have so provided as it has done with the other statutes. As stated above, legislation is presumed to be passed with full knowledge of all existing laws on the same subject and with appreciation of the principles of statutory construction. We note that the legislature has visited this set of statutes relating to adult services through Medicaid several times since its creation in 1979 and we give little credence to the argument that legislators did not contemplate the discrepancy in the QMB program, because it was created after the enactment of La. R.S. 46:157.
We further note that LDHH agrees that states can impose more liberal standards than the eligibility requirement established by the federal statute. Therefore, *876 by extension, implementing this statute as written for the case at hand would not be preempted by federal statute. As this court has stated before, while a state plan may be approved by Center of Medicare and Medicaid Services, an agency to which Congress delegated broad authority to define eligibility requirement for Medicaid and works closely with the state, this agency provides guidance on implementation. It cannot override a law. See Burckett v. State, 30,082 (La.App. 2d Cir.12/10/97), 704 So.2d 1266; see also King, supra.
While LDHH makes much of the footnote in La. R.S. 46:157, which generally cites 42 U.S.C. § 1396 et seq., the federal statutes dealing with Medicaid, the footnote is not dispositive. The federal statutes do not provide implementationthat is done at the state level. However, what is evident under the federal statutes is that even with the Pure QMB status, Law is given a benefit. Specifically, the program provides coverage of medical payment for Medicare Part B premiums, Medicare deductible for Medicare covered services, and Medicare co-insurance for Medicare covered services. Regardless of her status, Law clearly receives a "benefit" under Title XIX of the Social Security Act. It is up to the legislature, not the courts, to make known whether the statute should be implemented through the Louisiana state plan as stated in other similar statutes or to a broader set of individuals. We find no reason to determine which "persons" are eligible for dentures if a clear and unambiguous reading of La. R.S. 46:157 easily finds Law qualifies as among the "persons eligible for Medicaid benefits under Title XIX of the Social Security Act."

CONCLUSION
For the foregoing reasons, we find Leola Law eligible for dentures in accordance with La. R.S. 46:157. In accordance with La. R.S. 13:5112, all costs, including costs for this appeal in the amount of $402.00, are to be borne by LDHH.
REVERSED AND RENDERED.